[Civ. No. 39643. Second Dist., Div. One. Dec. 8, 1972.]

WALTER W. THOREN, Plaintiff and Appellant, v.
JOHNSTON & WASHER et al., Defendants and Respondents.

272

## COUNSEL

L. L. Blanchard, Larry Rabineau and Michael L. Younger for Plaintiff and Appellant.

Cummins, White & Breidenbach, W. F. Rylaarsdam, Kinkle, Rodiger, Graf, Dewberry & Spriggs and Mario A. Iorillo for Defendants and Respondents.

## OPINION

**THOMPSON, J.**—This is an appeal from a judgment of nonsuit entered after the trial court granted respondents' motion to exclude the testimony of a witness offered by appellant. We affirm the judgment.

On October 23, 1967, appellant was employed as a carpenter by Peter Kiewit Construction Company. While working for his employer, he descended a subbasement at a hospital construction site. Appellant tripped over a wire and injured his right arm. Having pursued his remedies under the workmen's compensation law against his employer, appellant brought suit against respondents, subcontractors on the job, alleging that the wire over which he had tripped was exposed in a dangerous condition because of their negligence. He filed his complaint on September 30, 1968.

On January 16, 1969, respondents served interrogatories upon appellant pursuant to Code of Civil Procedure section 2030. Interrogatory "B-2" asks: "State the names, addresses, or last known whereabouts, home telephone numbers, places of employment, and job titles or capacities of all witnesses known to you, your attorneys, employers, agents, investigators or insurance

company, who arrived or claim to have arrived, or whom you believe to have arrived, at the scene of the accident immediately or shortly after its happening." On January 27, 1969, appellant answered interrogatory B-2 with "See B-1." The answer to interrogatory B-1 is "Dick Moscrop, 11156 Yukon Avenue, Inglewood."

Trial in the matter at bench began before a jury on August 30, 1971. In his opening statement, appellant's counsel referred to expected testimony of Robert B. Clubb who arrived at the scene of the accident shortly after it occurred. Clubb had taken pictures of the accident scene and could testify to the condition of the bottom of the subbasement where the accident occurred and the nature of loose wires there. Respondents moved to exclude the testimony of Clubb on the ground that appellant had willfully omitted his name in the answer to interrogatory B-2. The trial court conducted a hearing on the motion outside the presence of the jury. At that hearing, it developed that Clubb was a representative of the United Brotherhood of Carpenters and Joiners of America, and that he was appellant's "representative as far as organized labor is concerned." As soon as Clubb heard of appellant's accident, he went to the job site and inspected the scene. Clubb took pictures of the scene which he sent to appellant's attorney. That attorney conceded that Clubb was responsible for the case at bench reaching his office, and Clubb testified in effect that the referral was made in his capacity as appellant's union representative. The only prior reference to Clubb in discovery conducted in the litigation was appellant's statement at his deposition that Clubb had taken pictures of the accident scene the day after the injury occurred. The trial court found that the omission of Clubb's name from the answer to interrogatory B-2 was willful and barred his testimony of observations at the accident scene. Without that testimony, appellant was unable to establish that anyone other than his own employer was responsible for the loose wire over which he had tripped. The trial court therefore granted respondents' motion for a nonsuit.

On this appeal from the resulting judgment, appellant does not argue that the evidence before the trial court, viewed in the light most favorable to him, would support a judgment in his favor. He contends that the trial court erred in granting respondents' motion to exclude the testimony of Clubb. We find no abuse of trial court discretion in that ruling.

The power of the trial court to bar the testimony of a witness willfully excluded from an answer to an interrogatory seeking the names of witnesses to an occurrence is found in the express language of the discovery act and is an inherently necessary one if the purposes of the act are to be achieved.

Code of Civil Procedure section 2019, subdivision (b), provides with respect to depositions that "the court may make any . . . order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression." Section 2019, subdivision (b) is made applicable to discovery in the form of interrogatories by Code of Civil Procedure section 2030. An order which bars the testimony of a witness whose name was deliberately excluded in an answer to an interrogatory seeking the names of witnesses protects the interrogating party from the oppression otherwise flowing from the answer. ■ One of the principal purposes of civil discovery is to do away with "the sporting theory of litigation— namely, surprise at the trial." (*Chronicle Pub. Co.* v. *Superior Court,* 54 Cal.2d 548, 561 [7 Cal.Rptr. 109, 354 P.2d 637].) The purpose is accomplished by giving "greater assistance to the parties in ascertaining the truth and in checking and preventing perjury," and by providing "an effective means of detecting and exposing false, fraudulent and sham claims and defenses." (*Greyhound Corp.* v. *Superior Court,* 56 Cal.2d 355, 376 [15 Cal.Rptr. 90, 364 P.2d 266].) ■ Where the party served with an interrogatory asking the names of witnesses to an occurrence then known to him deprives his adversary of that information by a willfully false response, he subjects the adversary to unfair surprise at trial. He deprives his adversary of the opportunity of preparation which could disclose whether the witness will tell the truth and whether a claim based upon the witness' testimony is a sham, false, or fraudulent. (Cf. *Luque* v. *McLean,* 8 Cal.3d 136, 147 [104 Cal.Rptr. 443, 501 P.2d 1163].)

Section 2019 of the Code of Civil Procedure is not the only statutory basis for the order here considered. Section 2034 of that code provides in subdivision (d) ". . . if a party . . . willfully fails to serve and file answers to interrogatories submitted under Section 2030 of this code, after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party, or impose such other penalties of a lesser nature as the court may deem just. . . ." A willfully false answer to an interrogatory must be treated as the equivalent of no answer at all if the purposes of Code of Civil Procedure section 2030 are to be achieved. Where, as here, that falsity lies in the deliberate omission of the name of a witness to the occurrence, an order barring the testimony of the witness must be sustained as a sanction less than dismissal of the complaint which the trial court properly "deemed just."

■ A third theory sustains the power of the trial court in the case

at bench. Where necessary to accomplish the purposes of civil discovery, responses to interrogatories are binding upon the party responding. Thus an insurance company, relying upon an endorsement to a policy to relieve it of liability, which responded "No" to an interrogatory asking whether it contended that there was legal consideration for the endorsement and "Yes" to an interrogatory asking whether it contended no legal consideration was necessary, was held to be bound by its answers so that it could not inject the factual issue of the existence of consideration into the trial. (*Universal Underwriters Ins. Co.* v. *Superior Court,* 250 Cal.App.2d 722 [58 Cal.Rptr. 870].) Here appellant gave the name of only one person when interrogated with respect to persons who had observed the accident scene shortly after his injury. In order to achieve the purposes of civil discovery, the trial court could properly hold that he should be limited to calling that person to testify to the nature of the scene. The situation here is not one where the answer to the interrogatory is in the nature of evidence so that impeachment at trial might be a satisfactory remedy if the interrogated party produces testimony contrary to his pretrial response. Nor is the situation here one of an inadvertently misleading answer where justice might dictate that, upon a proper showing, the answering party be relieved of his default and the interrogating party be protected by a continuance. (See *Singer* v. *Superior Court,* 54 Cal.2d 318, 325 [5 Cal.Rptr. 697, 353 P.2d 305].) Here the answer of appellant to interrogatory B-2 went directly to respondents' preparation for trial and seriously impeded it. Here appellant can make no case to be relieved of his default if the trial court's finding that the false answer was willful is supported by substantial evidence. Here, also, the falsity of the answer was not discovered until a jury had been impaneled, a situation militating against solution of the problem by a continuance.

◼ There is substantial evidence supporting the trial court's finding that appellant's answer to interrogatory B-2 was willfully false. Clubb was not an ordinary witness but was the person who, as appellant's union representative, had referred the case to appellant's law firm. His duties as a union official called upon him to investigate the matter. The firm had been forwarded photographs of the scene by Clubb. The trial court could thus have properly inferred that either appellant's counsel knew that Clubb was a person of the class described in interrogatory B-2, or deliberately refrained from determining whether he was such a person. In either event, the answer omitting Clubb's name would be a willfully false one.

◼ Appellant argues that the trial court applied an improper test finding willfulness from the fact that appellant or his counsel "knew or

should have known" that Clubb was a witness to the condition of the premises. Our examination of the record indicates that the trial court used the words "should have known" but in a context consistent with our definition of willful. Thus it can be said here that appellant's counsel "should have known" of Clubb's existence as a witness in the sense that he deliberately refrained from finding out until after he had answered the interrogatory. Such conduct is willful as the term is used here.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.