*168
 
 Opinion
 

 ALLPORT, J.
 

 Plaintiff Vivian Crumpton appeals from an adverse judgment entered following the verdict of a juiy in favor of defendant Edward Dickstein, M.D., in her negligence action for medical malpractice involving the diagnosis and treatment of breast cancer. The complaint was filed April 7, 1975, and became at issue July 21, 1975, with the filing of the answer. Trial commenced July 19, 1976.
 

 Contentions
 

 Concisely stated it is contended on appeal that the trial court erred in ruling on a number of evidentiary matters which deprived plaintiff of a fair trial. For reasons to follow we conclude that reversible error is disclosed by the record.
 

 Discussion
 

 First, it is argued that the trial court abused its discretion in allowing Harold S. Wandling, M.D., to testify because plaintiff had been deprived of a chance to depose this doctor prior to trial and also in allowing Alvin Markovitz, M.D., and Marvin S. Freilich, M.D., to testify because their identity was not disclosed in answers to interrogatories filed May 27, 1976.
 

 It appears that on April 28, 1976, plaintiff sought information pertaining to witnesses to be used by defendant at trial. On May 27 she was advised that Barnett Grier, M.D., Benjamin Mannis, M.D., and Anitha Mitchell, M.D. were to be called. On July 6, 1976, she was further advised that Harold S. Wandling, M.D., 1930 Wilshire Boulevard, Los Angeles, California, 483-4966, was also to be called. On July 12, 1976, plaintiff moved for orders compelling production of medical reports and setting a date for the taking of Dr. Wandling’s deposition or, in the alternative, for an order precluding use of his testimony. On July 14, 1976, the following order was made: “Pursuant to counsel’s offer to deliver the report of Doctor Harold Wandling, this Court will deny the order precluding the request for an order precluding the use of Dr. Harold Wandling as an expert at the trial. As to the motion to produce this has been accomplished through the report.” At trial Dr. Wandling testified for the defense and was extensively cross-examined by plaintiff. It does not appear to this court wherein the cross-examination was in fact impeded by the failure to have previously deposed the witness. Plaintiff was apparently in possession of this doctor’s report prior to trial and was
 
 *169
 
 fully aware of the nature and extent of his examination as well as of his conclusions concerning the propriety of her prior diagnosis and treatment.
 

 The decision to allow discovery is fundamentally one for the trial court. Absent a showing of abuse of discretion in ruling on a discovery motion and prejudice resulting from an adverse ruling, this court will not interfere with the trial court’s action.
 
 (Pacific Tel. & Tel. Co.
 
 v.
 
 Superior Court,
 
 2 Cal.3d 161, 170-171 [84 Cal.Rptr. 718, 465 P.2d 854].) Noting that the discovery request was filed April 28, 1976, less than three months prior to trial and that the name of Dr. Wandling and his report were made available prior to trial, we are unwilling to say that the failure to order that the doctor submit to a deposition was an abuse of discretion. Furthermore, as pointed out
 
 ante,
 
 the record belies the fact that the denial of the opportunity to depose the doctor prejudiced plaintiff’s case or otherwise deprived her of a fair trial.
 

 With respect to permitting Drs. Markovitz and Freilich to testify despite the fact that their names and identities were not revealed by the answers to interrogatories, we find ourselves faced with a more difficult problem. In
 
 Greyhound Corp.
 
 v.
 
 Superior Court,
 
 56 Cal.2d 355, 379 [15 Cal.Rptr. 90, 364 P.2d 266], after discussing at great length the history and development of the discovery statute, it was pointed out that “[t]he appellate courts in passing on orders granting or denying discovery should not use the trial court’s discretion argument to defeat the liberal policies of the statute,” which were: “[I]ntended to accomplish the following results: (1) to give greater assistance to the parties in ascertaining the truth and in checking and preventing perjury; (2) to provide an effective means of detecting and exposing false, fraudulent and sham claims and defenses; (3) to make available, in a simple, convenient and inexpensive way, facts which otherwise could not be proved except with great difficulty; (4) to educate the parties in advance of trial as to the real value of their claims and defenses, thereby encouraging settlements; (5) to expedite litigation; (6) to safeguard against surprise; (7) to prevent delay; (8) to simplify and narrow the issues; and, (9) to expedite and facilitate both preparation and trial.” (Fn. omitted, p. 376), and: “[T]o take the ‘game’ element out of trial preparation while yet retaining the adversary nature of the trial itself. One of the principal purposes of discovery was to do away ‘with the sporting theory of litigation—namely, surprise at the trial.’
 
 (Chronicle Pub. Co.
 
 v.
 
 Superior Court, supra,
 
 54 Cal.2d 548, 561 [7 Cal.Rptr. 109, 354 P.2d 637]. See also page 572 of the same opinion wherein we adopted from
 
 United States
 
 v.
 
 Proctor &
 
 
 *170
 

 Gamble Co.,
 
 356 U.S. 677 [78 S.Ct. 983, 2 L.Ed.2d 1077], the phrase that discovery tends to ‘make a trial less a game of blindman’s buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.’)” (P. 376.)
 

 In the instant case, approximately three months prior to trial, plaintiff by way of a written interrogatory, sought “the names, addresses and telephone numbers of all witnesses you [defendant] intend to produce at trial.” In response defendant listed the names of certain doctors without reference to Markovitz or Freilich “reserving the right for future modification.” Apparently in response to an order compelling further answers to interrogatories, defendant on July 6, 1976, added the name of Dr. Wandling, again without reference to Drs. Markovitz or Freilich. At the conclusion of plaintiff’s evidence during trial the court asked the defense counsel as to what witnesses were to be called. Counsel responded by naming for the first time Drs. Markovitz and Freilich. Plaintiff’s counsel then moved to exclude the use of those doctors on the ground their names had not been given to him in the course of the foregoing discovery procedures. After discussing the matter with counsel the trial court concluded that this was not a
 
 Sanders
 
 situation
 
 [1]
 
 stating, “I think the key to this entire situation, gentlemen, is whether or not there’s been a willful omission here,” citing
 
 Thoren
 
 v.
 
 Johnston & Washer, 29
 
 Cal.App.3d 270 [105 Cal.Rptr. 276]. After expressly finding no willful refusal or omission of the names by the defense, the motion to exclude was denied. We believe the trial court’s reliance upon
 
 Thoren
 
 without more is an oversimplification of the problem. True the holding in that case was partly that: “Where the party served with an interrogatory asking the names of witnesses to an occurrence then known to him deprives his adversary of that information by a willfully false response, he subjects the adversary to unfair surprise at trial. He deprives his adversary of the opportunity of preparation which could disclose whether the witness will tell the truth and whether a claim based upon the witness’ testimony is a sham, false, or fraudulent. (Cf.
 
 Luque
 
 v.
 
 McLean,
 
 8 Cal.3d 136, 147 [104 Cal.Rptr. 443, 501 P.2d 1163].)” (P. 274.) However, the
 
 Thoren
 
 court went on to say at pages 274-275:
 

 “A third theory sustains the power of the trial court in the case at bench. Where necessary to accomplish the purposes of civil discovery, responses to interrogatories are binding upon the party responding. Thus
 
 *171
 
 an insurance company, relying upon an endorsement to a policy to relieve it of liability, which responded ‘No’ to an interrogatoiy asking whether it contended that there was legal consideration for the endorsement and ‘Yes’ to an interrogatory asking whether it contended no legal consideration was necessary, was held to be bound by its answers so that it could not inject the factual issue of the existence of consideration into the trial.
 
 (Universal Underwriters Ins. Co.
 
 v.
 
 Superior Court,
 
 250 Cal.App.2d 722 [58 Cal.Rptr. 870].) Here appellant gave the name of only one person when interrogated with respect to persons who had observed the accident scene shortly after his injury. In order to achieve the purposes of civil discovery, the trial court could properly hold that he should be limited to calling that person to testify to the nature of the scene. The situation here is not one where the answer to the interrogatory is in the nature of evidence so that impeachment at trial might be a satisfactory remedy if the interrogated party produces testimony contrary to his pretrial response. Nor is the situation here one of an inadvertently misleading answer where justice might dictate that, upon a proper showing, the answering party be relieved of his default and the interrogating party be protected by a continuance. (See
 
 Singer
 
 v.
 
 Superior Court,
 
 54 Cal.2d 318, 325 [5 Cal.Rptr. 697, 353 P.2d 305].) Here the answer of appellant to interrogatory B-2 went directly to respondents’ preparation for trial and seriously impeded it.” It becomes necessary for us to consider this latter phase of the matter in determining the propriety of the ruling. This requires that we question the trial court’s observation that this is “not a
 
 Sanders
 
 case situation anyway.” While
 
 Sanders
 
 is factually distinguishable this court in
 
 Sanders
 
 recognized the exact problem faced by a party being required to disclose the names of expert witnesses
 
 [2]
 
 in advance of trial as well as the right of the other party to be apprised of this information under the discovery statutes, saying: “The practicalities of the situation compel brief consideration of a case wherein parties claim that no decision has been reached as to the use of an expert witness and continue to profess indecision to the date of trial. This was envisioned in
 
 Swartzman, supra,
 
 and commented on in
 
 Scotsman Mfg. Co.
 
 [v.
 
 Superior Court], supra,
 
 [242 Cal.App.2d 527] at page 532, [51 Cal.Rptr. 511], as follows: ‘If, as asserted in the instant case, petitioner is unwilling to declare its intention respecting the prospective status of Dr. Morelli as an expert witness, the trial court, in an appropriate proceeding, would be authorized to permit discovery by interrogation or deposition.
 
 (Swartzman
 
 v.
 
 Superior Court, supra,
 
 231 Cal.App.2d 195, 204-205 [41 Cal.Rptr. 721].)’
 

 
 *172
 
 “We hold that, upon a showing of good cause made at an appropriate stage of the proceedings, e.g., the pretrial hearing at which time discovery is presumably complete, the case at issue and ready for trial setting, a party may be required to elect whether or not to call the expert as a witness and to disclose such election to his adversary. If he elects to do so, the opposing party shall be granted a reasonable time thereafter within which to conduct appropriate additional discovery directed at securing the desired information.” (34 Cal.App.3d 270, 279.) Applying this principle to the facts of the instant case, we find the election process suggested in
 
 Sanders
 
 quite significant. Prior to trial plaintiff was aware that defendant intended to call Drs. Grier, Mannis, Mitchell, “reserving the right for future modification.” Presumably defendant was guarding against being required to call all three or the possible need of calling someone else. At this point plaintiff had no right to conclude that there might not be a change in defendant’s strategy. Thus, the situation was ideal for the making of a
 
 Sanders
 
 motion in order to preserve plaintiff’s position at trial. While not labeled as a motion under
 
 Sanders,
 
 plaintiff did move to compel defendant to more fully comply with her request for the “names, addresses and telephone numbers of
 
 all
 
 witnesses” to be produced at trial. (Italics added.) This motion was heard and granted slightly over one month prior to trial. The timing of the motion was in accordance with the rationale of
 
 Sanders
 
 and the order granting the motion, in the absence of some showing by defendant to the contrary, was reasonably calculated to elicit the information sought, namely, the names of
 
 all
 
 witnesses to be called. By defendant’s inclusion then of the additional name of Dr. Wan tiling, plaintiff was no doubt lulled into a false sense of security. In denying the at-trial motion to exclude the testimony of these witnesses simply because the omission of their names was not willful, the trial court effectively thwarted a legitimate purpose of the discovery statute by impeding plaintiff’s preparation for trial.
 
 (Thoren
 
 v.
 
 Johnston & Washer, supra,
 
 29 Cal.App.3d 270, 275.)
 

 It remains for us to determine whether or not this error requires reversal. We have reviewed the transcript of the testimony of both Drs. Markovitz and Freilich and must conclude that the error in admitting their testimony was prejudicial. Dr. Markovitz, inter alia, testified in response to a hypothetical question that in his opinion Dr. Dickstein did conform to the usual standard of practice of internal medicine in making his diagnosis and explained his answer in detail. While Dr. Freilich, as a board certified radiologist, did not testify with respect to the standards of practice for internists in diagnosing breast lesions, he did testify in a manner calculated to absolve defendant from any failure to refer plaintiff
 
 *173
 
 out for mammography of the lesion in connection with the diagnosis. Under the circumstances, we cannot say that it is not “. . . reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.”
 
 (People
 
 v.
 
 Watson,
 
 46 Cal.2d 818, 836 [299 P.2d 243].) The exculpatory testimony of these two defense witnesses should have been eliminated from the case.
 

 Since our decision herein requires reversal of the judgment, we find it unnecessary to discuss plaintiff’s second and third contentions. We can only assume that appropriate trial court consideration will be given to all evidentiary matters in the event the case is retried.
 

 The judgment is reversed.
 

 Cobey, Acting P. J., and Potter, J., concurred.
 

 A petition for a rehearing was denied July 19, 1978, and respondent’s petition for a hearing by the Supreme Court was denied September 14, 1978.
 

 [1]
 

 Sanders
 
 v.
 
 Superior Court,
 
 34 Cal.App.3d 270 [109 Cal.Rptr. 770].
 

 [2]
 

 Cf.
 
 City of Long Beach
 
 v.
 
 Superior Court,
 
 64 Cal.App.3d 65, 72-73, footnote 4 [134 Cal.Rptr. 468].