[Civ. No. 30336. Fourth Dist., Div. Three. Apr. 12, 1984.]

RAYMOND GUZMAN, Plaintiff and Respondent, v.
GENERAL MOTORS CORPORATION, Defendant and Appellant.

COUNSEL

Grace, Neumeyer & Otto, Richard A. Neumeyer, Eric M. Taira and Elmer W. Johnson for Defendant and Appellant.

Nolan F. King for Plaintiff and Respondent.

OPINION

SONENSHINE, J.—Raymond Guzman was injured at work while operating a paste machine. His complaint alleged the machine was manufactured by General Motors, his employer. General Motors filed affidavits and answered a series of interrogatories, indicating it had built the machine. When General Motors later discovered Hamblen Gauge was the manufacturer,[1] it notified Guzman who moved for an order imposing sanctions, alleging the incorrect answer was intentional, an effort by General Motors, immune from suit, to shield Hamblen Gauge. Heard on the same day were General Motors' motions for (1) leave to file supplemental responses to interrogatories or (2) relief pursuant to Code of Civil Procedure section 473.[2] The court denied Guzman's request for sanctions, apparently ignored General Motors' separate motion for leave to file supplemental answers, but granted the Code of Civil Procedure section 473 motion "upon condition defendant pays to plaintiff, as attorney fees, $15,000." Following General Motors' motion for reconsideration, the court modified its prior ruling: "to grant [§ 473] relief as requested and further to grant General Motor's [sic] leave to file supplemental responses. [¶] The Court, having exercised its discre-

---

[1] Three identical machines were in use at the plant: two manufactured by Hamblen Gauge and one by General Motors. The error surfaced following the court ordered deposition of Roy Selby, taken by Guzman. Selby, General Motors' designer, had answered the original interrogatories 18 months earlier. At that time he worked at a plant in the east and did not personally view the machine. He gave the original answers following a phone call from the Anaheim superintendent who identified the machine as "No. 5." The three machines at the Anaheim plant were numbered "4" (manufactured by HG), "5" (by G.M.), and "6" (by HG). When Selby's deposition was taken in January 1982, he testified the machine was manufactured by Hamblen Gauge ("No. 4"). He contends he was unaware of the mistake until his deposition trip to Anaheim. Only then did he personally check the identifying characteristics of the machine.

[2] All code section references are to the Code of Civil Procedure unless otherwise identified.

tion in granting the relief sought, finds that a just term for its having done so is that defendant General Motors pay to plaintiff, as attorney fees the sum of $15,000, which General Motors is hereby ordered to do within 90 days of the date hereof."

Subsequently, General Motors was awarded summary judgment based on the workers' compensation exclusive remedy provisions of Labor Code sections 3600 and 3601.[3]

General Motors contends the imposition of attorneys' fees was incorrect, claiming it had an affirmative duty to amend answers to interrogatories and its motion to amend should have been granted apart from its alternate section 473 motion. It further argues, even assuming section 473 relief was correct, it cannot be unconditionally ordered to pay the fees and the fees were excessive.

A panoply of remedies is available to a proponent of interrogatories faced with a recalcitrant opponent. The discovery statutes provide for motions to compel both answers and further answers, with appropriate sanctions. But no definitive authority exists to guide an answering party as to how to initiate the filing of amended answers. Therefore, the central issue we address is the necessity of, and method by which, a party who has incorrectly responded to interrogatories may change, amend or supplement those answers. We then determine when attorneys' fees, if any, may be imposed as a consequence of the amendment.

■ "Interrogatories expedite the resolution of lawsuits . . . [by detecting] sham claims and defenses . . . [and] may be employed to support a motion for summary judgment or a motion to specify those issues which are without substantial controversy." (*Deyo* v. *Kilbourne* (1978) 84 Cal.App.3d 771, 779 [149 Cal.Rptr. 499].) It is patently obvious ungrounded refusal to answer, prolonged delay and incorrect answers to interrogatories seriously inhibit "the principal aim of discovery procedures in general [which] is to assist counsel to prepare for trial. . . ." (*Smith* v. *Circle P Ranch Co.* (1978) 87 Cal.App.3d 267, 273 [150 Cal.Rptr. 828].)

■ Parties must "state the truth, the whole truth, and nothing but the truth in answering written interrogatories" (*Deyo* v. *Kilbourne, supra,* 84 Cal.App.3d 771, 783), and "[w]here answers are erroneous, or misleading, they should be corrected long before the pretrial conference." (*Id.,* at

---

[3]General Motors was found to be immune from suit. The "dual capacity" exception was inapplicable as none of the machines it designed in this category had been placed in the "stream of commerce." (*Bell* v. *Industrial Vangas, Inc.* (1981) 30 Cal.3d 268, 279 [179 Cal.Rptr. 30, 637 P.2d 266].)

p. 785, fn. omitted.) However, no explicit statutory duty to amend or supplement answers exists in California as it does under the federal rules.[4]

There are few cases examining a responding party's attempts to change interrogatory answers. The court in *Singer* v. *Superior Court* (1960) 54 Cal.2d 318 [5 Cal.Rptr. 697, 353 P.2d 305] noted "[a]nswers to these interrogatories now, if compelled, will not prevent the defendant at the trial from relying on subsequently discovered facts, including facts produced at the trial by plaintiff or his witnesses, or by any of the other parties to this lawsuit, or their witnesses. In fact, such answers would not even prevent production of facts now known to defendant but not included in the answers, upon a proper showing that the oversight was in *good faith.*" (*Id.*, at p. 325, italics added.)

In *Universal Underwriters Ins. Co.* v. *Superior Court* (1967) 250 Cal.App.2d 722 [58 Cal.Rptr. 870], a party, 18 months after answering interrogatories, sought to reverse its position. Amended answers were filed without leave of court followed by a motion to modify the pretrial order to reflect the change. The moving party was denied leave to amend as there was no showing the original answer was erroneous.

The California Supreme Court in *Williams* v. *American Cas. Co.* (1971) 6 Cal.3d 266 [98 Cal.Rptr. 814, 491 P.2d 398] condoned "supplemental answers" filed during trial. Recognizing the answers "did not in reality supplement the earlier answers but instead completely repudiated them" (*id.*, at p. 275), the court stated "the insurer is not bound, as a matter of law, to its initial answers to these interrogatories." (*Ibid.*) Acceptance of the varying answers resulted in disadvantage to the insurer who contended at trial the policy was unambiguous.

Both *Universal* and *Williams* were decided when section 2030 required "the party upon whom the interrogatories have been served [to] *file* and serve a copy of the answers . . . ." (Italics added.) In its present form, section 2030 merely requires the answering party to "*serve* the answers on the party submitting the interrogatories" (§ 2030, subd. (a), italics added) and "any responses thereto shall not be filed unless the court, on motion and notice and for good cause shown, so orders." (§ 2030, subd. (b).)

---

[4]An intentional decision not to amend is not without its consequences, for the party risks "a perjury prosecution or financial sanctions [Code Civ. Proc. § 2034]." (*Holguin* v. *Superior Court* (1972) 22 Cal.App.3d 812, 820 [99 Cal.Rptr. 653], fn. omitted.) And in *Thoren* v. *Johnston & Washer* (1972) 29 Cal.App.3d 270 [105 Cal.Rptr. 276], plaintiff's witness' testimony was barred because his name was omitted in answer to an interrogatory requesting names of *all* witnesses to an accident. See also *Crumpton* v. *Dickstein* (1978) 82 Cal.App.3d 166 [146 Cal.Rptr. 840].

■ Neither Guzman's interrogatories nor General Motors' original responses were filed with the court, but were merely served on the opponent as now required by section 2030. When a change in response became necessary, section 473 was not the applicable code section for relief. The suggestion to the contrary in *Deyo* v. *Kilbourne, supra,* 84 Cal.App.3d 771, 785, footnote 13—"amendments to correct a mistaken factual statement are usually permitted under section 473 of the Code of Civil Procedure (Cal. Civil Discovery Practice [Cont.Ed.Bar 1975] § 8.61.)"—is obsolete after the changes in section 2030.

In the usual section 473 situation, the moving party will reap a benefit—adding a cause of action or defense, vacating dismissal of his complaint or a default judgment taken against him. Thus the condition imposed involves consideration of the prejudice or injustice resulting to the other party if *otherwise unavailable* relief is granted to the moving party. Discovery of an incorrect answer to interrogatories does not place a party in default.[5] Nor does the correction amend a "pleading or proceeding" (§ 473, par. 1) and, unless sanctions have been awarded or other judicial action taken, there is no "judgment, order or other proceeding" (§ 473, par. 3) from which relief need be requested.[6]

We hold a party wishing to amend its answers to interrogatories need only serve the corrected answers on the proponent. If the contents are relevant, as they were here, to a motion for summary judgment, a party may lodge the responses with the court in conjunction with a motion to file them pursuant to section 2030, subdivision (b).[7]

General Motors was entitled to merely serve its amended answers or lodge them with the court and move to file them as requested, pursuant to section 2030, subdivision (b).

---

[5]See section 2033, governing requests for admission, where answers or defective answers will be "deemed admitted" and the default can only be rectified by motion pursuant to section 473. (§ 2033, subd. (a).)

[6]We are aware of the California Supreme Court decision, *Bauguess* v. *Paine* (1978) 22 Cal.3d 626 [150 Cal.Rptr. 461, 586 P.2d 942] [in response to which § 128.5 was enacted], holding attorneys' fees may not be imposed as a "condition" of postponing a trial (§ 1024), and *DeCesare* v. *Lembert* (1983) 144 Cal.App.3d 20 [192 Cal.Rptr. 354], construing the *Bauguess* holding as referrable to section 473 "conditions" as well. However, as we find resort to section 473 unnecessary when amending interrogatories, we do not address the issue.

[7]Section 2030, subdivision (b): "The written interrogatories and any responses thereto shall not be filed unless the court, on motion and notice and for good cause shown, so orders. Notwithstanding subdivision (a), any party may lodge with the court the original or a copy of any written interrogatories or responses thereto, but these shall not be filed unless the court determines that their contents have become relevant to an issue in a trial or other proceeding."

■ When the proponent receiving amended responses wishes attorneys' fees or further sanctions, the issue may be raised by independent motion.

If timely answers are submitted but deemed incomplete by the interrogator, "he [she] may move the court for an order requiring further response." (§ 2030.)[8] A motion may also be brought pursuant to section 2034, subdivision (a)[9] when the opposing party refuses or fails to answer any interrogatory. ■ In the latter case, the court may impose "reasonable expenses incurred in obtaining the order, including reasonable attorney's fees"[10] where the omission is found to be "without substantial justification." (§ 2034, subd. (a); *Deyo* v. *Kilbourne, supra,* 84 Cal.App.3d 771, 789.) Where a party "willfully fails" to answer, more severe penalties are available as well as "reasonable attorney's fees." (§ 2034, subd. (d).)[11]

■ We can only assume the court, in denying Guzman's section 2034 motion for sanctions, found the original noncompliance was not "without

[8]Section 2030 provides in part: "Any party may serve upon any other party written interrogatories to be answered by the party served . . . . The interrogatories shall be answered separately and fully in writing under oath. The answers shall be signed by the person making them; and the party upon whom the interrogatories have been served shall serve the answers on the party submitting the interrogatories within 30 days after the service of the interrogatories, unless the court, on motion and notice and for good cause shown, enlarges or shortens the time . . . . Such answers shall respond to the written interrogatories; or, if any interrogatory be deemed objectionable, the objections thereto may be stated by the party addressed in lieu of response. If the party who has submitted the interrogatories deems that further response is required, he may move the court for an order requiring further response. Such motion must be upon notice given within 45 days from the date of service of the answers or objections unless the court, on motion and notice, and for good cause shown, enlarges the time. Otherwise, the party submitting the interrogatories shall be deemed to have waived the right to compel answer pursuant to this section . . . ."

[9]Section 2034 provides in part: "Upon the refusal or failure of a party to answer any interrogatory submitted under Section 2030, the proponent of the question may on like notice make like application for such an order. . . . If the court finds that the refusal or failure or objection was without substantial justification or that the answer does not comply with the requirements of Section 2033, the court may require the refusing or failing or objecting party or deponent and the party or attorney advising the refusal or failure or objection or any of them to pay to the examining party the amount of the reasonable expenses incurred in obtaining the order, including reasonable attorney's fees. . . ."

[10]Where an award is made, it must be reasonable (*Lund* v. *Superior Court* (1964) 61 Cal.2d 698 [39 Cal.Rptr. 891, 394 P.2d 707]) and cannot encompass reimbursement for the entire litigation (*Hillman* v. *Stults* (1968) 263 Cal.App.2d 848 [70 Cal.Rptr. 295]) or punishment for past conduct (*Welgoss* v. *End* (1967) 252 Cal.App.2d 982 [61 Cal.Rptr. 52]). However, even if the finding is made, the court "is not *required* to award costs." (*Pember* v. *Superior Court* (1967) 66 Cal.2d 601, 604 [58 Cal.Rptr. 567, 427 P.2d 167].)

[11]Where "a party or an officer or managing agent of a party willfully fails to serve answers to interrogatories submitted under Section 2030, after proper service of the interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party, or impose other penalties of a lesser nature the court may deem just, and may order that party or his [her] attorney to pay to the moving party the reasonable expenses in making the motion, including reasonable attorney's fees." (§ 2034, subd. (d).)

substantial justification'' and General Motors had not "willfully fail[ed]'' to answer for "[a] willfully false answer to an interrogatory must be treated as the equivalent of no answer at all if the purposes of Code of Civil Procedure section 2030 are to be achieved." (*Thoren* v. *Johnston & Washer* (1972) 29 Cal.App.3d 270, 274 [105 Cal.Rptr. 276].)[12] Thus, Guzman was not entitled to attorneys' fees as a consequence of the amended responses.

■ There is independent authority, in addition to section 2034 relief, for a trial court to award attorneys' fees. The injured party may seek relief via section 128.5[13] *if* notice is given by the proponent in its "moving or responding papers,''[14] the fees were incurred "as a result of tactics or actions not based on good faith'' *and* the court order is in writing and "recite[s] in detail the conduct or circumstances justifying the order.'' (§ 128.5, subd. (b); *Corralejo* v. *Quiroga* (1984) 152 Cal.App.3d 871 [199 Cal.Rptr. 733].) ■ This section was not raised below and in light of the court's denial of sanctions under section 437c,[15] based on similar requirements of "bad faith'' and "delay,'' the request would have been equally unavailing.

■ We find attorneys' fees may only be awarded to the proponent of interrogatories, when an answering party serves or moves to file amended or corrected answers, after appropriate motion by the proponent. Attorneys' fees then may be imposed, pursuant to sections 128.5, 2030 or 2034 after the requisite findings are made.[16]

---

[12]No extraordinary writ was taken from the denial nor has that portion of the court's order been appealed subsequent to entry of summary judgment for General Motors.

[13]Section 128.5: "(a) Every trial court shall have the power to order a party or the party's attorney, or both, to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of tactics or actions not based on good faith which are frivolous or which cause unnecessary delay. Frivolous actions or delaying tactics include, but are not limited to, making or opposing motions without good faith.

"(b) Expenses pursuant to this section shall not be imposed except on notice contained in a party's moving or responding papers; or the court's own motion, after notice and opportunity to be heard. An order imposing expenses shall be in writing and shall recite in detail the conduct or circumstances justifying the order.''

[14]This satisfies the due process requirement of *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179].

[15]Section 437c: ". . . (i) If the court determines at any time that any of the affidavits are presented in bad faith or solely for purposes of delay, the court shall order the party presenting such affidavits to pay the other party the amount of the reasonable expenses which the filing of the affidavits caused such other party to incur.''

[16]We are cognizant of the inequity of the present situation. Harsh consequences result from an intentional abuse of discovery, but an apparent "good faith'' error may entail no recompense to the injured party for the inconvenience, despite the added time and expense involved. We suggest a trial court seriously consider whether the failure to correctly answer initially amounted to noncompliance "without substantial justification'' (§ 2034, subd. (a)) or is the "result of tactics or actions not based on good faith which are frivolous or cause unnecessary delay.'' (§ 128.5.) "Courts [should be] understandably suspicious of a party's

In light of our decision, we do not reach General Motors' other contentions. The court's order under section 473 is stricken and General Motors' amended answers are deemed filed pursuant to its original motion and section 2030, subdivision (b).

Trotter, P. J., and Crosby, J., concurred.

---

belated claim of mistaken admission of facts where the party has had unrestricted access to the facts, presumptive knowledge of what occurred, and several opportunities to present the correct facts." (*American Advertising & Sales Co.* v. *Mid-Western Transport* (1984) 152 Cal.App.3d 875, 879 [199 Cal.Rptr. 735].)

Additionally, we would invite the Legislature's attention to this situation, since the ability to correctly answer an interrogatory is peculiarly within the control of the answering party.