Filed 10/5/20

**CERTIFIED FOR PUBLICATION**

| | |
|---|---|
| REALES INVESTMENT, LLC, | |
| Cross-complainant and Appellant, | E072523 |
| v. | (Super.Ct.No. RIC1711834) |
| THOMAS EDWARD JOHNSON, | OPINION |
| Cross-defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Sunshine S. Sykes, Judge.

Affirmed.

Franceschi Law Corporation and Ernest J. Franceschi, Jr., for Appellant.

Sage Law Partners and Darrel C. Menthe, for Respondent.

# I.

## INTRODUCTION

About two months before trial was scheduled to begin, appellant Reales Investment, LLC's attorney moved to be relieved from the case. Because Reales did not retain counsel until a few days before trial began, it did not participate in any of the pretrial proceedings mandated by Riverside County Superior Court Local Rule 3401 (Rule 3401). On the morning of the first day of trial, Reales's new attorney orally requested a continuance of the trial. The trial court denied the request, and also excluded all documents and witnesses Reales did not disclose in pretrial exchanges between the parties as required by Rule 3401. Because Reales did not disclose anything under Rule 3401, it was precluded from offering any evidence or testimony at trial, so the trial court granted a nonsuit for respondent Thomas Edward Johnson.

Reales timely appealed, arguing that the trial court's pretrial rulings were an abuse of discretion. We find no abuse of discretion and affirm the judgment.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

Reales entered into a contract with TJ&V Builders, Inc. (TJ&V), which is owned by Johnson, for the construction of a residential property. TJ&V purchased lumber for the project from Grove Lumber and Building Supplies, Inc. (Grove). Reales was partially responsible for the costs of the lumber, but did not pay TJ&V or Grove. Grove therefore placed a mechanic's lien against the property for the unpaid lumber costs and eventually

sued TJ&V, Reales, and Reales's owners, Tammy Woloski and Vicky Cuiying Gong. Reales, in turn, filed a cross-complaint against TJ&V and Johnson in February 2018.[1]

On October 5, 2018, Reales's counsel, Curtis Herron, moved to be relieved as counsel.[2] In light of the unopposed motion, which the trial court granted on November 15, 2018, the parties stipulated to continue the trial. The trial was continued to January 11, 2019.

About a week before the trial, Grove filed a motion in limine requesting that the trial court not allow Woloski, Gong, or Reales's three identified experts to testify. Grove argued the deponents did not appear at their "repeatedly" noticed depositions on several occasions and Reales previously stated it was not producing experts in response to Grove's demand for exchange of expert witness information. Grove also asked the trial court to exclude all of the documents that it requested in its deposition notices, which Reales never produced. Reales did not file an opposition to the motion.

On the day the trial was scheduled to begin, January 11, 2019, Reales's new counsel, Ernest J. Franceschi, filed a substitution of attorney.[3] The trial was continued to the following court day, January 14, 2019.

---

[1] Reales later dismissed its claims against TJ&V. For brevity, we refer to TJ&V and Johnson collectively as "Johnson."

[2] Reales did not provide Mr. Herron's motion in its appendix.

[3] Reales did not provide a Reporter's Transcript of the proceedings.

Before the trial commenced, the trial court ruled that, except for impeachment evidence, any document or witness not disclosed during the mandatory pretrial conference would be excluded from evidence at trial pursuant to Rule 3401 (the exclusionary order). Because Reales did not participate in any pretrial conference with any party, it was precluded from presenting any evidence or testimony.

After some additional pretrial housekeeping, the trial court dismissed Woloski and Gong as defendants at Grove's request. Reales then orally requested a continuance of the trial, which the trial court denied. At the end of a brief bench trial, the trial court granted Johnson's motion for nonsuit on Reales's cross-complaint against Johnson, "based upon [the trial court's] prior decision in regards to the 3401 ruling." After the trial court entered judgment for Johnson, Reales timely appealed.

III.

DISCUSSION

Reales's several arguments on appeal boil down to two primary contentions: (1) the trial court erroneously denied its counsel's oral request for a trial continuance; and (2) the trial court's exclusionary order was an abuse of discretion.[4] We disagree on both points.

At the outset, we disagree with Johnson that we should dismiss this appeal because

---

[4] Reales argues the trial court erroneously granted Grove's motion in limine. Although the trial court initially indicated it would grant Grove's motion, it later clarified that it did not need to decide the motion given Reales's "failure to comply with Rule 3401." We therefore need not address Reales's arguments as to Grove's motion in limine.

Reales provided an inadequate record. We agree with Johnson that Reales's appendix is incomplete. Most importantly, Reales omitted from its record the bulk of the evidence supporting Grove's motion in limine, which catalogued Grove's discovery disputes with Reales and which the trial court primarily relied upon when issuing its exclusionary order. But Reales's appendix contains Grove's attorney's declaration in support of the motion in limine, which summarized Reales's improper litigation conduct, none of which Reales disputes. We can glean sufficient information from this declaration and the reporter's transcript to decide this appeal. That said, "[t]o the extent the court relied on documents not before us, our review is hampered. We cannot presume error from an incomplete record. [Citation.] But on the record we have, [Reales] has not shown error." (*Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412.)

A. *The Trial Court Did Not Abuse its Discretion in Denying Reales's Request for a Trial Continuance*

Reales contends the trial court erred when it denied Mr. Franceschi's oral request to continue the trial. We conclude the trial court acted within its discretion in doing so.

We review a trial court's order denying a continuance for an abuse of discretion. (*Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal.App.4th 1112, 1126.) "The decision to grant or deny a continuance is committed to the sound discretion of the trial court. [Citation.] The trial court's exercise of that discretion will be upheld if it is based on a reasoned judgment and complies with legal principles and policies appropriate to the case before the court. [Citation.] A reviewing court may not disturb the exercise

5

of discretion by a trial court in the absence of a clear abuse thereof appearing in the record." (*Forthmann v. Boyer* (2002) 97 Cal.App.4th 977, 984-985; see also *City of Sacramento v. Drew* (1989) 207 Cal.App.3d 1287, 1297 [a trial court abuses its discretion only if "its action was utterly irrational"].)

Trial continuances are "disfavored" and may be granted "only on an affirmative showing of good cause." (Cal. Rules of Court, rule 3.1332(c).) The party requesting a continuance must do so "by a noticed motion or an ex parte application" and "with supporting declarations." (Cal. Rules of Court, rule 3.1332(b).) California Rules of Court, rule 3.1332(c) lists seven circumstances "that may indicate good cause." California Rules of Court, rule 3.1332(d) lists additional factors the trial court may consider, including "the proximity of the trial date, whether there were previous trial continuances, the length of the requested continuance, and the prejudice that parties or witnesses would suffer as a result of the continuance. [Citation.]" (*Thurman v. Bayshore Transit Management, Inc.*, *supra*, 203 Cal.App.4th at p. 1126.)

In *County of San Bernardino v. Doria Mining & Engineering Corp.* (1977) 72 Cal.App.3d 776, 781 (*Doria*), this court upheld the trial court's denial of an oral motion to continue made on the morning of the first day of trial. We concluded the denial was justified because (1) the continuance was requested on the first day of trial, (2) the opposing party was ready to proceed, (3) the party requesting the continuance made the request orally, not in writing, and (4) the request did not have a supporting declaration or any other evidence. (*Id.* at p. 783.)

6

Here, as in *Doria*, *supra*, 72 Cal.App.3d 776, Reales's attorney, Mr. Franceschi, made the request for a continuance orally and without any written supporting evidence in violation of California Rules of Court, rule 3.1332(b). Had the trial court granted the request, it would have violated California Rules of Court, rule 3.1332(b)'s requirement that a request for a trial continuance be made in writing, either by a noticed motion or an ex parte application. Further, Mr. Franceschi made the oral request on the first day of trial, and nothing in the record suggests Grove was unprepared to proceed with the trial. Under *Doria*, *supra*, 72 Cal.App.3d 776, the trial court did not abuse its discretion in denying Mr. Franceschi's improper and untimely oral request for a trial continuance.

During oral argument before this court, Reales's counsel argued *Doria* is distinguishable. In that case, counsel for the moving party, a corporation, made a special appearance on the morning of trial to request a continuance, and explained that his client had substituted him for their prior counsel about a week before trial. (*Id.* at p. 782.) Counsel for Reales asserted at oral argument that *Doria* does not control here because Reales, as a corporate entity, could not appear in pro. per. But that does not explain why counsel for Reales, who was hired before the trial began, could not comply with rule 3.1332(c)'s requirements. If anything, *Doria* shows that Reales's counsel's failure to comply with those requirements was less reasonable than counsel's failure to do so in *Doria*. In *Doria*, the corporate entity moving for a new trial substituted its counsel about a week before trial, whereas Reales knew its counsel intended to withdraw his representation of Reales at least three months before the trial. Because Mr. Franceschi's

7

oral request for a trial continuance was untimely and improper, the trial court did not abuse its discretion by denying it.

During oral argument before this court, counsel for Reales also argued that the trial court should have continued the trial under Rule 3401, which provides that the trial court may "postpon[e] the trial" for non-compliance with Rule 3401. (Rule 3401(11).) Because Reales did not raise this argument in its appellate briefs, we decline to consider it. (*Santa Clara County Local Transportation Authority v. Guardino* (1995) 11 Cal.4th 220, 232, fn. 6 ["We need not consider points raised for the first time at oral argument."].)

B. *The Trial Court's Exclusionary Order Was Not an Abuse of Discretion*

Reales argues the trial court prejudicially erred by precluding evidence Reales did not disclose before trial under Rule 3401. Reviewing the trial court's exclusionary order for an abuse of discretion, we disagree. (*Pate v. Channel Lumber Co.* (1997) 51 Cal.App.4th 1447, 1454; *Sauer v. Superior Court* (1987) 195 Cal.App.3d 213, 228.)

Rule 3401 requires parties to exchange certain documents and information at least 14 days before trial, including witness lists, exhibit lists, and a statement of undisputed facts and issues of law. (Rule 3401(2).) Rule 3401 also mandates that the parties or their counsel meet at least seven days before trial to conduct an "Issues Conference," where the parties or their counsel must discuss several items. (Rule 3401(3).) The Rule provides that any party or counsel that fails to comply with its terms without good cause is subject to sanctions, including the imposition of evidentiary sanctions. (Rule

8

3401(11).)

It is undisputed that Reales did not timely comply with any of Rule 3401's pretrial requirements.  During oral argument before this court, Reales asserted that the trial court's exclusionary order was improper because Johnson did not file a declaration explaining Reales's non-compliance with Rule 3401.  (See Rule 3401(4)(d) ["If counsel for any party fails to participate in the Issues Conference, or otherwise fails to cooperate in the preparation of the documents specified above . . .then the Proposed Joint Pretrial Statement shall include a declaration describing the attempts made by the remaining party or parties to confer with or obtain the cooperation of the non-complying party."].)  Because Reales did not raise this argument in its appellate briefs, we decline to consider it.  (*Santa Clara County Local Transportation Authority v. Guardino*, *supra*, 11 Cal.4th 220, 232, fn. 6 ["We need not consider points raised for the first time at oral argument . . . ."].)

But the trial court's exclusionary order was not based solely on Reales's noncompliance with Rule 3401.  The trial court also permissibly considered Reales's discovery conduct.  (See *Liberty Mutual Fire Ins. Co. v. LcL Administration, Inc.*, (2008) 163 Cal.App.4th 1093, 1106 [trial court properly considered defendant's "months-long lack of cooperation" in discovery when issuing terminating sanctions].)

From what we can glean from the incomplete record Reales has provided us, Johnson propounded requests for admissions, requests for documents, and special interrogatories on Reales, who responded to each request with only, "This response will be supplemented," but never supplemented any response. In its motion in limine, Grove argued Reales's responses to those discovery requests were relevant to its claims and defenses. Reales also indicated in September 2018 that it was not offering expert testimony, but disclosed that it had three percipient witnesses, and provided Grove with the witnesses' reports.[5] Shortly before trial, however, Reales indicated that it had designated its percipient witnesses as experts. Grove also "repeatedly" noticed depositions of Gong, Woloski, Reales's person most knowledgeable, and Reales's three "non-retained experts," along with demands for the production of documents at the depositions. None of the deponents appeared for their deposition and Reales did not produce any documents.

As the trial court explained, it has discretion as to the appropriate sanction for a party's failure to comply with Rule 3401, and had exercised its discretion differently in other cases when the noncompliant party had otherwise "compl[ied] with procedures throughout the litigation and ha[d] been responding to discovery and such." The trial court observed, however, that Reales had not done so, without justification. Because of Reales's improper litigation conduct, the trial court concluded the appropriate sanction

---

[5] Reales did not provide the reports in the record.

for Reales's noncompliance with Rule 3401 was to preclude it from presenting evidence at trial that it did not disclose or exchange as required by Rule 3401.

We conclude the trial court did not abuse its discretion in issuing the exclusionary order. A trial court's "inherent power to curb abuses and promote fair process extends to the preclusion of evidence" at trial. (*Peat, Marwick, Mitchel & Co. v. Superior Court* (1988) 200 Cal.App.3d 272, 288.) Accordingly, "trial courts regularly exercise their 'basic power to insure that all parties receive a fair trial' by precluding evidence." (*Ibid.*)

*Thoren v. Johnston & Washer* (1972) 29 Cal.App.3d 270 (*Thoren*), is instructive. There, the trial court excluded testimony from a witness that the party willfully did not identify in its response to an interrogatory seeking the names of witnesses. The *Thoren* court held this was not an abuse of discretion because "[w]here the party served with an interrogatory asking the names of witnesses to an occurrence then known to him deprives his adversary of that information by a willfully false response, he subjects the adversary to unfair surprise at trial. He deprives his adversary of the opportunity of preparation which could disclose whether the witness will tell the truth and whether a claim based upon the witness' testimony is a sham, false, or fraudulent." (*Id*. at p. 274.)

The court in *Deeter v. Angus* (1986) 179 Cal.App.3d 241 (*Deeter*) followed *Thoren* in upholding the trial court's exclusion of an audio tape a party willfully withheld from production in discovery. The *Deeter* court reasoned that there was "no reason why" *Thoren*'s reasoning "should not apply to the willful withholding of evidence such as the [audio] tape." (*Deeter*, *supra*, at pp. 245-255.) Similarly, in *Castaline v. City of Los*

11

*Angeles* (1975) 47 Cal.App.3d 580, the appellate court held the trial court did not abuse its discretion when it precluded the testimony of a "surprise witness" at trial who had not been disclosed to the opposing party.

These cases lead us to conclude that the trial court did not abuse its discretion in precluding Reales from introducing evidence and testimony at trial that it did not disclose or exchange pursuant to Rule 3401. Reales did not adequately respond to several sets of discovery requests, failed to produce witnesses at six depositions, did not participate in Rule 3401 pretrial proceedings, designated experts days before trial after previously stating it had no experts, and did not produce any evidence before trial beyond three percipient witness reports (which are not in the record, so we know nothing about their evidentiary value). In short, Reales completely failed to participate in discovery and mandatory pretrial proceedings.

Reales argues the trial court's exclusionary order is "infirm" because the court did not expressly find that Reales willfully failed to provide adequate discovery responses. The authorities Reales relies on pertain to the trial court's authority to sanction a party under former Code of Civil Procedure section 2034, which has since been repealed. (See *Fairfield v. Superior Court* (1966) 246 Cal.App.2d 113, 118; *Weinkauf v. Superior Court* (1966) 64 Cal.2d 662, 664.) Moreover, while some courts have held that a trial court can issue evidentiary or terminating sanctions only if the offending party's conduct was willful, they do not hold that the trial court must make an express finding of willfulness. (E.g., *Biles v. Exxon Mobil Corp.* (2004) 124 Cal.App.4th 1315, 1327.)

Regardless, the trial court need not expressly find that a party's conduct is willful before excluding that party's evidence at trial in order to ensure a fair trial. The court in *Crumpton v. Dickstein* (1978) 82 Cal.App.3d 166, 168, held the trial court abused its discretion by allowing two defense experts to testify at trial who were not identified in the defendant's responses to interrogatories, even though the experts' names were not willfully withheld. (*Id.* at p. 172.) The *Crumpton* court explained that by allowing the experts to testify, the trial court had "effectively thwarted a legitimate purpose of the discovery statute by impeding plaintiff's preparation for trial." (*Ibid.*)

Reales also offers two primary arguments for why its failures are excusable, or at least did not warrant the exclusion of its evidence from trial. First, Reales faults Johnson for not timely filing motions to compel responses to its discovery requests. We reject this argument because Reales does not offer, and we cannot find, any authority that suggests a party's failure to file a motion to compel excuses the offending party's noncompliance with discovery. (Cf. *Do It Urself Moving & Storage, Inc. v. Brown, Leifer, Slatkin & Berns* (1992) 7 Cal.App.4th 27, 36 [rejecting argument that party had to violate prior discovery order before trial court could impose evidentiary sanctions at trial].) Further, Grove filed motions to compel regarding the six depositions where Reales failed to provide a witness.

Second, Reales argues it could not have met the Rule 3401 deadlines because it did not have counsel at the time, and corporate entities cannot represent themselves in propria persona. But Mr. Herron moved to be relieved as counsel in early October 2018, more than three months before trial, and his motion was granted in mid-November 2018, about two months before trial. Reales had over a month to retain counsel in order to meet its Rule 3401 obligations, yet it failed to do so. Although Mr. Franceschi represented to the trial court that Reales "diligently look[ed]" for counsel after Mr. Herron was relieved, there is nothing in the record about Reales's search for counsel. As it stands, the record indicates that Reales waited without justification to obtain counsel until just days before trial. The trial court reasonably concluded that Reales's unreasonable delay in hiring an attorney was inexcusable. (Cf. *Mahoney v. Southland Mental Health Assoc.* (1990) 223 Cal.App.3d 167, 172 [affirming trial court's finding of no good cause for a continuance when counsel had four months' notice of change in attorneys before requesting a continuance].)

Whether Reales's conduct was intentional or inadvertent, the fact remains that Reales did not meaningfully engage in discovery or comply with Rule 3401's pretrial requirements. Its failures resulted in Grove and Johnson knowing next to nothing about Reales's evidence, witnesses, and arguments before trial. By failing to respond to discovery, produce evidence, procure witnesses at depositions, and participate in pretrial proceedings pursuant to Rule 3401, Reales deprived Grove and Johnson of the

14

opportunity to fairly prepare for trial. (See *Thoren*, *supra*, 29 Cal.App.3d at p. 275; *Crumpton v. Dickstein*, *supra*, 82 Cal.App.3d at p.p. 169-170.)

The purpose of discovery is to make trial "'less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" (*Greyhound Corp. v. Superior Court* (1961) 56 Cal.2d 355, 376.) "An important aspect of legitimate discovery from a defendant's point of view is the ascertainment, in advance of trial, of the specific components of plaintiff's case so that appropriate preparations can be made to meet them. It is impossible to discover this other than from the plaintiff." (*Karz v. Karl* (1982) 137 Cal.App.3d 637, 650.) Allowing Reales to present evidence at trial that Grove and Johnson likely had not seen before, much less had the opportunity to analyze before trial, would have been unfair. (See *Deeter*, *supra*, 179 Cal.App.3d at pp. 244-245; see also *Sauer v. Superior Court*, *supra*, 195 Cal.App.3d at p. 228 ["Where a party has refused to supply information relevant to a particular claim, an order precluding that claim is an appropriate sanction."].) Allowing Reales to present witnesses that Grove and Johnson never had the opportunity to depose likewise would have been unfair, particularly given that Reales identified three witnesses as fact witnesses, but then designated them as expert witnesses on the eve of trial. (See *Crumpton v. Dickstein*, *supra*, 82 Cal.App.3d at p. 168 [excluding testimony from expert witnesses that had not been disclosed before trial].)

Despite the indisputable prejudice that Grove and Johnson would have suffered had Reales been allowed to introduce its undisclosed evidence and witnesses at trial, Reales contends that the exclusionary order violated its due process rights. We disagree. "We cannot accept the notion that due process of law entitles a litigant to present certain evidence after it has compromised its opponent's ability to counter that evidence with the sort of litigation abuse found in this case." (*Peat, Marwick, Mitchel & Co. v. Superior Court*, *supra*, 200 Cal.App.3d at p. 290.) The fact that Reales could not prove its case because of the exclusionary order does not alter our conclusion. (See *Thoren*, *supra*, 29 Cal.App.3d at p. 273 [affirming trial court's order excluding plaintiff's evidence that resulted in nonsuit for defendants]; *Biles v. Exxon Mobil Corp.*, *supra*, 124 Cal.App.4th at p. 1327 ["[W]hen a party repeatedly and willfully fails to provide certain evidence to the opposing party as required by the discovery rules, preclusion of that evidence may be appropriate, *even if such a sanction proves determinative in terminating the plaintiff's case.*" italics added].)

Regardless of whether Reales's conduct was intentional or inadvertent, the trial court could reasonably conclude that Grove and Johnson would have suffered prejudice from the introduction of Reales's evidence and witnesses at trial. Because of Reales's failure to properly engage in the discovery process, Grove and Johnson had no opportunity to examine Reales's evidence before trial, depose its witnesses, conduct relevant discovery, or otherwise fairly prepare for a trial that included Reales's excluded evidence and witnesses. Given Reales's entirely inadequate participation throughout the

litigation, the trial court's exclusionary order was not an abuse of discretion.  This is particularly true given that, as Johnson aptly puts it, there is "nothing in the record from Reales as to excusable neglect or good cause on which the trial court could have based any other decision:  just a record of admitted, unexcused, prejudicial noncompliance with crucial pre-trial Local Rules and an uncontroverted history of failure to participate in discovery."  We therefore conclude the trial court's exclusionary order was a proper exercise of its wide discretion to ensure a fair trial.

IV.

DISPOSITION

The judgment is affirmed.  Johnson shall recover his costs on appeal.

CERTIFIED FOR PUBLICATION


CODRINGTON

Acting P. J.


We concur:


FIELDS

J.


MENETREZ

J.


17