[Civ. No. 39461. Second Dist., Div. Two. Dec. 13, 1972.]

LOIS J. CAMPAIN, Plaintiff and Appellant, v.
SAFEWAY STORES, INC., Defendant and Appellant.

## COUNSEL

Lawrence J. Moreno for Plaintiff and Appellant.

Schell & Delamer, John M. Maller and Charles H. Carpenter for Defendant and Appellant.

## OPINION

**FLEMING, J.**—Lois Campain slipped and fell while shopping in a Safeway Stores market on 11 July 1966. In her action for personal injuries against Safeway a jury awarded her $75,000 in damages, but on motion for a new trial the trial court ordered the amount of the judgment reduced to $50,000. Safeway and Campain both appeal.

The controlling issue on appeal involves the admissibility of evidence of damages for loss of earnings and future earnings. In November 1966 Campain filed a complaint praying for $25,000 damages for pain and suffering, medical expenses, and loss of earnings. Her complaint alleged that "plaintiff was prevented from attending to her usual occupation and sustained a loss of earnings and will in the future continue to sustain a loss of earnings."

In October 1967 Safeway took Campain's deposition: "[Counsel for Safeway]: Q Were you working at the time of the accident? A No. Q When was the last time you did any work? A I speculated in real estate with my own money, and that was in, oh, around '55. Q Since then, have you just been a housewife? A Yes, that's right. [Counsel for Safeway]: Counsel, will there be any claim for loss of earnings? [Counsel for Campain]: I believe she was studying real estate at the time of the accident. There may be a claim for prospective loss of earnings, but we are not claiming that she was employed and lost any immediate employment."

In April 1969 when Safeway questioned Campain by interrogatory, *"Are you making any claim for loss of wages, earnings or earning capacity as a result of the accident alleged in your complaint?"* Campain answered, *"No."*

In December 1969 Campain moved to amend her complaint "to increase the general damages allegation and prayer to $350,000." Campain's attorney declared that at the time the complaint was filed "the full nature and extent of plaintiff's injuries were not known. It was not then known that plaintiff had suffered an internal derangement of the left knee as a result of the accident. . . . Plaintiff has a permanently stiffened left knee. She can bear weight on the knee for no more than ten minutes at a time. She suffers constant pain. She requires nearly constant help in performing normal functions. Her doctor has recommended an operation that may relieve the pain, but will leave her with a permanently stiff leg." Neither in the motion papers nor in argument on the motion was any reference made to loss of earnings or future earnings. In March 1970 the motion to amend was granted.

Trial was held in February 1971. In her opening statement Campain did not mention damages for loss of earnings or future earnings. However, the first evidence she offered related to her prospective employment at the time of the accident and her plans for future employment. Safeway objected to such evidence on the ground that loss of earnings and future earnings was no longer an issue in the case, and the court sustained the objection. But later in the trial the court reversed its ruling, denied Safeway's motion for a mistrial, and permitted Campain to testify that, although she had not been employed for many years, at the time of the accident she had been studying at home to obtain a real estate license and intended to start work in a real estate office at $75 a week in July 1966.

█ Safeway contends it was denied a fair opportunity to prepare to meet the issue of loss of earnings and future earnings because it had been advised in pretrial discovery that Campain was no longer claiming damages for loss of earnings and future earnings. Although the complaint asserted that the accident prevented Campain from attending to her usual occupation, in her deposition Campain testified she had not been working at the time of the accident. While Campain's counsel at the taking of the deposition intimated that "[t]here may be a claim for prospective loss of earnings," this intimation was dispelled in April 1969 when in sworn answer to interrogatories Campain declared she was making no claim for loss of wages, earnings, or earning capacity. Nor did the subsequent increase in the prayer for general damages give notice of the existence of any claim

for loss of earnings or future earnings. Rather, it relied on assertions that Campain had suffered unforeseen medical expenses and increased amounts of pain and suffering.

Safeway acted reasonably in relying on pretrial discovery in the preparation of its case for trial. ■ "The discovery laws in California are designed to expedite the trial of civil matters by (1) enabling counsel to more quickly and thoroughly obtain evidence and evidentiary leads, and thus to more quickly and effectively prepare for trial, and (2) enabling counsel to 'set at rest' issues that are not genuinely disputed. [Citations.]" (*Burke* v. *Superior Court,* 71 Cal.2d 276, 280-281 [78 Cal.Rptr. 481, 455 P.2d 409].) A party may be required to disclose whether or not he will press an issue in the case. (*Universal Underwriters Ins. Co.* v. *Superior Court,* 250 Cal.App.2d 722, 728 [58 Cal.Rptr. 870].) Here, Campain had apparently "set at rest" the issue of loss of earnings and future earnings. When at the trial she sought to revive that issue, Safeway entered its objection to the introduction of evidence on loss of earnings and future earnings at the earliest possible moment. (*Kauffman* v. *De Mutiis,* 31 Cal. 2d 429, 432 [189 P.2d 271].) ■ ■ ■ Prejudice to Safeway is apparent, for evidence on this subject was effectively used in Campain's final argument to the jury on the amount of damages, and the jury returned a verdict which the court itself considered excessive, even though the court took into account the evidence of loss of earnings and future earnings.[1] In sum, it appears that Safeway was genuinely surprised, and consequently unprepared to meet Campain's claim for loss of earnings and future earnings when that issue was injected into the trial, and that this surprise prejudiced its defense. On this issue Safeway is entitled to further discovery and a new trial.

■ Campain amply proved Safeway's liability, and Safeway raises no serious contentions in that respect. Nor does the record suggest a compromise verdict. (Cf. *Clifford* v. *Ruocco,* 39 Cal.2d 327, 329 [246 P.2d 651].)

---

[1] Without the consent of Campain the court had no power to order a reduction in the amount of the judgment entered on the jury verdict. In a personal injury action plaintiff is entitled to a jury trial as of right. (*Russell* v. *Andersen,* 101 Cal. App.2d 684, 697 [226 P.2d 350].) The court cannot substitute its view of the proper amount of the award for the amount fixed in the verdict of the jury and compel a party to submit. (50 C.J.S., Juries, § 128, p. 855; Annot., 53 A.L.R. 779, Annot., 95 A.L.R. 1163.) The reduction order, therefore, exceeded the court's jurisdiction and must be vacated.

Nor did the court's order operate to set out sufficient grounds for a new trial. A similar order was found insufficient for that purpose in *Doric* v. *Kurtin,* 19 Cal. App.3d 226, 231, footnote 1, 234 [96 Cal.Rptr. 528].

We therefore direct a new trial solely on the issue of damages. (*Pretzer* v. *California Transit Co.*, 211 Cal. 202, 209 [294 P. 382].)

The judgment is reversed, the reduction order is vacated, and the cause is remanded for a new trial solely on the issue of damages. Each party will bear its own costs on appeal.

Roth, P. J., and Herndon, J., concurred.