[No. B004538. Second Dist., Div. Four. Sept. 27, 1984.]

LILLIE MAE GORDON, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
U.Z. MANUFACTURING COMPANY, Real Party in Interest.

COUNSEL

Ian Herzog for Petitioner.

No appearance for Respondent.

King & Williams, Janice M. Gordon and David M. Ohrbach for Real Party in Interest.

OPINION

ARGUELLES, J.—Petitioner, Lillie Mae Gordon (hereafter Gordon), is the plaintiff in a personal injury action arising out of an automobile collision. She seeks an extraordinary writ to compel the superior court to vacate its March 28, 1984, order granting the motion of defendant and real party in interest, U.Z. Manufacturing Company (hereafter U.Z.) to allow U.Z. to amend its answers to interrogatories.

In those answers, U.Z. had admitted that defendant driver, Maria Denise Hayes (hereafter Hayes), was acting in the course and scope of her employment with U.Z. when she was involved in a collision with Gordon while driving an automobile leased to U.Z. U.Z. sought to amend its answer to state that Hayes was not acting within the course and scope of employment.

This court issued the alternative writ of mandate, and has decided that the petition should be granted.

FACTS

On August 14, 1979, Gordon filed her complaint for personal injuries, alleging that she had been involved in an automobile collision with Hayes on October 28, 1978. The complaint named as defendants, among others, Hayes and U.Z.

Gordon served interrogatories on U.Z., and, on June 9, 1980, and July 31, 1980, U.Z. served answers regarding course and scope of employment, admitting that Hayes was operating the vehicle with the general consent of U.Z. at the time of the accident.

Further questions and answers (bracketed), relevant herein, were as follows:

*First Interrogatories*

"11. Was the driver of the subject vehicle the agent or employee of any person or organization at the time of the accident? If so, for each agency or employment, state: [Yes.]

"(a) The name, address, telephone number and occupation or profession of the principal or employer; [Dynatech U-Z Manufacturing, Inc.]

"(b) Whether or not the operator of the subject vehicle was acting within the course, scope and purpose of the agency or employment; [Yes.]

"(c) The exact nature of and the duties involved in the agency or employment. [Billing stock clerk.]

"12. At the time of the accident was there any merchandise, . . . or other objects . . . *in or on* U-Z Manufacturing, Inc.'s vehicle . . . in connection with the rendering of services for anyone? If so, . . . state:

"(a) The name or description of the object or sign; [No. None other than mail.]"

*Second Interrogatories*

"1. At the time of the accident that is the subject of plaintiff's complaint, was defendant Marie Denise Hayes in the course and scope of her employment for Dynatech U-Z Mfg., Inc.? [Yes.]

"2. If your answer to the preceding interrogatory was in the affirmative, state:

"a. the nature of the actual work being performed by Ms. Hayes; [Delivering mail to the post office.]

"b. the approximate time Ms. Hayes started this work; [We are not certain, but it was after she finished her work at the company office at the end of the day.]

"c. the estimated time she was to have completed this work; [No special time.]

"d. the name, address and title of the individual that assigned Ms. Hayes the job identified in 2(a) above. [Olivia Hoffman, Production Manager and Office Manager.]"

"11. With respect to the trip Marie Denise Hayes was involved in at the time of the accident that is the subject of plaintiff's complaint, state:

"a. the address from where Ms. Hayes started this trip and the nature of the business or activity conducted at the place as well as Ms. Hayes' detailed reason for being there; [3522 W. Jefferson Blvd., Culver City, CA 90230; electronics; she was a billing stock clerk.]

"b. the time at which Ms. Hayes started this trip; [We only know that it was after the end of the work day.]

"c. what route Ms. Hayes took from the start of this trip to the place where the accident occurred;

"d. from Ms. Hayes' start of this trip until the time of this accident, did she make any stops other than for traffic signs or signals? If so, state: [¶] (1) the time and place of each stop; [¶] (2) the purpose for each stop; [¶] (3) how long she remained at each stop; [¶] (4) what she did at each stop. [¶] [c. & d. We do not know the exact route but we are informed that she went from the company office to the intersection . . . in Marina Del Rey

where she had dinner. She then travelled from there to . . . the accident scene.]

"12. As of the time of the accident, please state:

"a. the address of Ms. Hayes' destination and the reason and purpose for which she was heading to said destination; [The post office at Madison and Culver to deposit company mail.]

"b. what time Ms. Hayes was due at said destination; [No special time.]

". . . . . . . . . . . . . . . . . . . . . .

"d. in making said trip was Ms. Hayes on any errand or mission for or rendering any service or benefit to anyone other than herself? . . . [Yes. She was depositing company mail.]"

Both sets of answers were prefaced by the following paragraph:

"The following answers are based upon the best information available to U-Z Manufacturing, Inc.; none of its officers were present at the time of the accident and the employee involved is no longer employed by it. Furthermore, investigation and discovery is presently being undertaken, and the answers given are without prejudice to the right of this defendant to offer at the time of trial facts and evidence hereafter discovered."

On March 31, 1983, Hayes filed a motion to dismiss the complaint as to herself, for failure to serve and return the summons and complaint within three years. (Code Civ. Proc., § 581a.)[1] The court on its own motion continued the hearing on the dismissal motion.

On April 7, 1983, Gordon filed a request to enter the default of Hayes, based on her alleged general appearance by inclusion of her name in the caption of several notices of motions, subpoenas, and the like; and noticed her deposition for April 27, 1983. On or about April 26, Hayes filed a motion to stay discovery and entry of default until after the hearing on her motion to dismiss.

In Gordon's reply to Hayes' motion to dismiss, Gordon's counsel stated in his declaration that former counsel for U.Z. had said that he represented Hayes, as well as U.Z., and that Hayes was amenable to service of process or to settlement.

---

[1]References to sections hereafter are to sections of the Code of Civil Procedures, unless otherwise stated.

Hayes was served with the summons and complaint by substituted service on or about June 14, 1983. Proof of service was filed June 16, 1983. (No. B005622.)

On June 17, 1983, the court ordered Hayes dismissed as a defendant under section 581a, but the order was expressly made without prejudice to Gordon's filing a motion for reconsideration subsequent to Hayes' deposition.

At her deposition on August 16, 1983, Hayes testified that she had been involved in the accident with Gordon after having dinner at a restaurant. Earlier that day, she had been given the work assignment of mailing certain letters, and she had the letters with her at the time of the accident, but she planned to mail the letters the next morning. Christine Hoffman's deposition, taken on or about September 13, 1983, revealed that she and Hayes had argued in the car two or three minutes before the accident occurred. However, they had not discussed business, and Ms. Hoffman had no connection with U.Z. except that her father was its president.

On or about December 2, 1983, Gordon filed a motion to have the superior court either establish that it was without substantial controversy that Hayes was acting within the course and scope of her employment at the time of the accident, or, in the alternative, grant reconsideration of the June 17, 1983, order dismissing Hayes from the action. Gordon contended that the motion to dismiss had been granted without prejudice, preserving her right to file a motion for reconsideration after discovery, and that the defense had obtained dismissal as to Hayes, by representing that Hayes was not necessary as a defendant because U.Z. had admitted in its answers to interrogatories that she had been acting within the course of and scope of employment, an admission which was now being withdrawn.

On or about January 9, 1984, U.Z. filed its opposition to Gordon's motion, and its motion to amend answers to interrogatories. The motion was supported by the declarations of counsel for U.Z. and of Olivia Hoffman, the office manager who had verified U.Z.'s answers to the interrogatories. The moving papers also included portions of the depositions of Hayes and Christine Hoffman.

The declaration of defense counsel, Janice M. Gordon, in support of U.Z.'s motion to amend its answers, stated that previous counsel had prepared the answers to interrogatories admitting course and scope of employment. She also stated that before Hayes' deposition, Hayes had revealed that her mother initially had told her to say that she was delivering the letters

at the time of the accident so that there would be insurance coverage under U.Z.'s policy.

Olivia Hoffman, the office manager who signed U.Z.'s answers to the interrogatories, stated that she answered the interrogatories, more than a year and a half after the accident; that Hayes had been involved in two additional accidents involving the same automobile during that time; that Christine Hoffman had also been a passenger in one of those accidents; and that in the other of those accidents, Hayes was operating the automobile during the workday. Olivia Hoffman alleged that she had confused two of the accidents and had thought that in the accident in this case, Hayes had been on her way to the post office. She also stated that she was unaware of the legal significance of "course and scope of employment."

In opposition to U.Z.'s motion to amend, Gordon pointed out that Hayes had contended on her motion to dismiss that her dismissal would not prejudice Gordon, because it had been admitted that she was acting in the course and scope of her employment during the accident.

Gordon also stressed that the answers given by U.Z. to the second set of interrogatories revealed that Hayes had been driving back from dinner at a restaurant when the accident occurred, but that U.Z., nevertheless, stated that the accident occurred in the course and scope of employment; and that it also had been clear from the beginning of the case that, since the accident happened shortly after midnight, it happened long after normal work hours.

Gordon contended that she had been irreparably prejudiced by U.Z.'s admissions of course and scope of employment because, even if Hayes were retained as a defendant at the trial level, she could raise on appeal the propriety of denial of her motion to dismiss, and of the order on reconsideration which brought her back into the action.

At the hearing on the motion for leave to amend, Gordon's counsel urged that Olivia Hoffman, who answered the interrogatories on behalf of U.Z., was Hayes' mother and also the wife of U.Z.'s chief executive officer.

On January 20, 1984, the court denied Gordon's motion for summary determination that Hayes was acting within the course and scope of employment. U.Z.'s motion to amend its answers to interrogatories, which was originally to be heard in late January 1984, was continued to late March 1984, a few days before the case was set for trial.

On January 31, 1984, Gordon filed a petition for writ relief with the appellate court seeking to compel the superior court to grant her motion for

summary determination that Hayes was acting within the course and scope of her employment, based on U.Z.'s answer to the two sets of interrogatories (§ 437c), and to prohibit Hayes and U.Z. from denying course and scope of employment. (No. B003463.) The petition was summarily denied on February 17, 1984.

On March 28, 1984, the superior court ordered that U.Z. could amend its answers to interrogatories and that Gordon could retain Hayes as a defendant in the action.

On March 29, 1984, U.Z. filed amended answers to interrogatories, stating, in effect, that Hayes had not been acting within the course and scope of employment at the time of the accident; that she had started the trip from the Chopin Mon Ami restaurant where she was having dinner; that she had started the trip at approximately midnight; that her destination was her home on Culver Boulevard; and that in making the trip, she was not on any errand or rendering any service to anyone other than herself. U.Z. also amended its answers to state that Hayes had been operating the vehicle with specific, rather than general consent, and that she had permission only to run errands for U.Z. during business hours and to drive to work and return home.

On April 4, 1984, the present petition was filed.

On June 4, 1984, Hayes also petitioned this court for writ relief, seeking to compel the superior court to vacate its order that Hayes answer the complaint and to prohibit further prosecution of the action against Hayes. On July 9, 1984, the court summarily denied that petition. (No. B005622.)

## CONTENTIONS

■ Gordon contends that U.Z. should not have been allowed to amend its answers to interrogatories to indicate that Hayes was not within the course and scope of employment at the time of the accident, because Gordon was prejudiced by U.Z.'s withdrawal of its admissions against interest on that issue.

## DISCUSSION

Despite the lack of express statutory authority, the courts have interpreted the discovery statutes to allow wilfully false interrogatory answers to be treated as binding admissions against interest, pursuant, in part, to the trial court's authority to impose sanctions for failure to answer interrogatories. (See §§ 2019, subd. (b); 2034, subd. (d); *Deyo* v. *Kilbourne* (1978) 84

Cal.App.3d 771, 792 [149 Cal.Rptr. 499]; *Thoren* v. *Johnston & Washer* (1972) 29 Cal.App.3d 270, 274 [105 Cal.Rptr. 276].)

For example, initial answers to interrogatories and depositions (which have the same effect as answers to interrogatories; see §§ 2016, subd. (d)(1), (2); 2030, subd. (c)) may be treated as admissions against the answering party in granting a motion for summary judgment, despite later changes in the information reflected in the affidavits on the motion. (See *D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 20-22 [112 Cal.Rptr. 786, 520 P.2d 10]; *Gray* v. *Reeves* (1977) 76 Cal.App.3d 567 [142 Cal.Rptr. 716].)

The following factors have been held to support an order barring the testimony of a witness whose name was not revealed in answer to interrogatories requesting the names of all witnesses to an accident: (1) the answering party had wilfully failed to reveal the witness' name; (2) the answer impeded the other party's trial preparation; (3) a continuance could not cure the defect; and (4) the answer did not go merely to evidence for which impeachment would be a remedy. (See *Thoren* v. *Johnston & Washer, supra*, 29 Cal.App.3d 270, 274-275.)

In *Campain* v. *Safeway Stores, Inc.* (1972) 29 Cal.App.3d 362 [104 Cal.Rptr. 752], the failure of plaintiff to state at her deposition that she was damaged as to earnings or future earning capacity was held to bar her testimony as to such damages at trial. The appellate court reversed the trial court's ruling admitting her testimony because defendant had reasonably relied, to its prejudice, on the deposition answers in preparing for trial, and those had set at rest the issue of earnings. However, because a new trial could cure the defect, the appellate court ordered a new trial on the issue of damages.

■ Thus, it appears that the courts may treat answers as binding where the failure to answer correctly in the first place prejudiced the other party and a continuance, or using the earlier answers for impeachment, would not cure the prejudice.

The statutes do not expressly authorize treating answers as binding. On the other hand, "[n]o provision of the discovery statute expressly authorizes amendments to interrogatories." (*Deyo* v. *Kilbourne, supra,* 84 Cal.App.3d 771, 785.)

■ Amendment of answers to interrogatories should be allowed where there are subsequently discovered facts, or facts inadvertently not included, and the oversight was in good faith. (*Singer* v. *Superior Court* (1960) 54

Cal.2d 318, 325 [5 Cal.Rptr. 697, 353 P.2d 305].) "Indeed, in the absence of significant prejudice to the opponent, a party may present evidence at variance with prior answers to interrogatories." (*Deyo* v. *Kilbourne, supra,* 84 Cal.App.3d 771, 780, fn. 4.)

It has recently been held that a party may now amend its unfiled answers to interrogatories without seeking leave of court, because the answers need no longer be filed with the court. (See *Guzman* v. *General Motors Corp.* (1984) 154 Cal.App.3d 438, 444 [201 Cal.Rptr. 246].) ■ However, we are of the opinion that the ability of a party thus to amend its unfiled answers does not affect the power of the court to order that the answering party be bound by its initial answers, under proper circumstances, as that power is derived from the court's power to impose sanctions, which has not been altered by legislative changes. In *Guzman,* the court had impliedly found that sanctions were not justified because the original answers were not without substantial justification and defendant had not wilfully failed to answer. In the present case, however, any such implied finding would have been in error, and the sanction of treating the answers as binding admissions was required.

■ The factual change in U.Z.'s answers to interrogatories which is material to the issue of course and scope of employment is the change in the statement of Hayes' destination and purpose at the time of the accident. It had always been known that she was returning from dinner at about midnight, in U.Z.'s automobile. However, in the first answers it was stated that she was on her way to the post office to mail U.Z.'s mail, and in the amended answers it was stated that she was going home and did not intend to deposit the mail until the morning.

If she were returning home from a social engagement and did not intend to deposit the mail on that trip, then U.Z. could maintain that she was outside the course and scope of her employment. (Cf. *Brimberry* v. *Dudfield Lumber Co.* (1920) 183 Cal. 454 [191 P. 894]; *Munyon* v. *Ole's Inc.* (1982) 136 Cal.App.3d 697, 703 [186 Cal.Rptr. 424]; *Cain* v. *Marquez* (1939) 31 Cal.App.2d 430 [88 P.2d 200].)

■ A party furnishing answers to interrogatories "cannot plead ignorance to information which can be obtained from sources under his control." (*Deyo* v. *Kilbourne, supra,* 84 Cal.App.3d 771, 782.)

In *Castaline* v. *City of Los Angeles* (1975) 47 Cal.App.3d 580, 588, footnote 7 [121 Cal.Rptr. 786], the court commented on a corporation's duty to answer interrogatories, as follows: "While a corporation or public agency may select the person who answers interrogatories in its behalf, it has a

corresponding duty to obtain information from all sources under its control—information which may not be personally known to the answering agent.''

■ Neither party to this proceeding disputes that Olivia Hoffman, who signed U.Z.'s interrogatory answers, was Hayes' mother, who, according to U.Z.'s own moving papers, had advised Hayes to say that she was delivering the mail, to obtain insurance coverage under U.Z.'s policy. Thus, U.Z. is chargeable with the initial, untruthful answers of its employee, Hayes, under the circumstances of this case.

Prejudice to Gordon as a result of not timely serving Hayes has not been cured by bringing back Hayes as a defendant, as Hayes can still raise on appeal the denial of her motion to dismiss. Neither can that prejudice be cured merely by allowing Gordon to introduce evidence at trial tending to show that Hayes was within the course and scope of her employment, for U.Z.'s initial answers caused Gordon reasonably to rely on a recovery solely against U.Z. as Hayes' employer, without the possibility that U.Z.'s responsibility under the doctrine of respondeat superior would be denied.

The fact that Gordon learned of Hayes' new factual position at her deposition in August 1983, does not negate the prejudice to Gordon which arose from U.Z.'s initial answers, since the deposition was taken more than three years after Gordon filed her complaint, and Gordon then could no longer serve Hayes and be assured of retaining her as a defendant.

Accordingly, U.Z. should not have been allowed to amend its answers to Gordon's interrogatories.

### DISPOSITION

The petition is granted. Let a peremptory writ issue commanding respondent court to vacate its March 28, 1984, order granting the motion of real party, U.Z., to amend its answers to interrogatories, and make a new and different order denying that motion.

In all other respects, the petition is denied.

The stay of trial issued by the court shall remain in effect until full compliance with the writ issued herein.

Woods, P. J., and McClosky, J., concurred.

The petition of real party in interest for a hearing by the Supreme Court was denied November 20, 1984.