Filed 2/13/14  Baron v. Super. CT. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ROOKE BARON, | |
| Petitioner, | E060385 |
| v. | (Super.Ct.No. CIVDS1014455) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| SCAF WATER POLO, et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS; petition for peremptory writ of mandate.  Brian S. McCarville, Judge.  Petitioner is granted in part and denied in part with directions.

Brady, Vorwerck, Ryder & Caspino, Robert B. Ryder, Ravi Sudan and Victor A. Raphael for Petitioner.

No appearance for Respondent.

Hewitt & Truskowski, Stephen L. Hewitt and Henry C. Truszkowski for Real Parties in Interest.

In this matter we have reviewed the petition and the opposition filed by real parties in interest. We have determined that resolution of the matter involves the application of settled principles of law, and that issuance of a peremptory writ in the first instance is therefore appropriate. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.) We will grant the petition in part and deny in part.

DISCUSSION

In general, the use of an evidence exclusion sanction for a discovery breach is only appropriate where the breach was willful and intended to deceive. (See *Saxena v. Goffney* (2008) 159 Cal.App.4th 316, 332. *Campain v. Safeway Stores, Inc.* (1972) 29 Cal.App.3d 362, on which real parties rely, is distinguishable because in that case the surprise evidence and claim was only revealed at trial. Here, in contrast, it is possible, or even likely, that any prejudice may be averted.

The trial court here made no findings as to either bad faith or prejudice, and the record does not compel such findings. Accordingly, we will remand for further proceedings and the petition is granted in that respect. In all other respects the petition is denied.

DISPOSITION

Let a peremptory writ of mandate issue, directing the Superior Court of San Bernardino County to vacate its order excluding evidence and to conduct a new hearing to consider the following issues. First, the prejudice caused to real parties in interest by allowing petitioner to submit evidence as to loss of income and loss of earning capacity and whether such prejudice, if any, is substantial and can be alleviated by continuing trial and allowing real parties in interest to conduct discovery as to the loss of earnings and earning capacity. In this respect the trial court shall also consider the prejudice to petitioner if the proffered evidence is excluded. Second, the trial court is to consider whether the conduct of petitioner or that of her counsel in failing to earlier notify real parties of her lost earnings claim or to file amended answers to interrogatories under Code of Civil Procedure section 2030.310 was done in bad faith. Finally, the court is to consider real parties' failure to move for a protective order under Code of Civil Procedure section 2034.250 immediately once it became apparent in early September that petitioner intended to submit expert testimony relative to "past economic losses, and future losses," or otherwise to bring the issue promptly to the attention of the trial court.

At the conclusion of said hearing the trial court shall rule on the basis of its findings and the law as discussed above.

3

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.  In the interests of justice the parties shall bear their own costs.

The previously ordered stay is lifted.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING
J.

We concur:


HOLLENHORST
Acting P. J.


MILLER
J.

4