[Civ. No. 1027.    Fifth Dist.    Oct. 30, 1968.]

TEHACHAPI-CUMMINGS COUNTY WATER DISTRICT, Petitioner, v. THE SUPERIOR COURT OF KERN COUNTY, Respondent; GOLDEN HILLS COMMUNITY SERVICES DISTRICT et al., Real Parties in Interest.

Martin E. Whelan, Jr., and Bewley, Lassleben, Whelan & Miller for Petitioner.

Ralph B. Jordan, County Counsel, and Ralph N. Nickerson, Deputy County Counsel, for Respondent.

Palmer & Anderson, William A. Anderson, Nicholas, Kolliner, Van Tassel & Myers and William Howard Nicholas for Real Parties in Interest.

CONLEY, P. J.—This is an attempt by the petitioner to secure a writ of mandate compelling the real parties in interest to make discovery by answers to an interrogatory asked by the petitioner in action No. 97210 of the Kern County Superior Court in which the petitioner herein is plaintiff and the real parties in interest are defendants.

In the petition for writ of mandate filed herein it is said that the action is ''... a ground water litigation similar to that of *City of Pasadena* v. *City of Alhambra* (1949) 33 Cal. 2d 908 [207 P.2d 17], whereby plaintiff is attempting to obtain a solution for the problem of ground water overdraft in the Tehachapi area.'' While the respondent and the real parties in interest deny that this case is similar to the action cited, it is quite evident that the latter part of the description is correct, and that the litigation involves the question of rights to the underground waters in the area within the Tehachapi-Cummings County Water District. There is no question raised as to the allegation of petitioner that the interrogatories involved were in proper form and correctly served.

Three interrogatories only are involved and are thus described in the petition:

''. . . Interrogatory number 3 is 'State whether you contend that the ground waters in the underground within the exterior boundaries ('said exterior boundaries' hereinafter) described in Exhibit B-1 of said complaint do not constitute a common source of supply to all persons pumping ground waters within those boundaries.' Each of said real parties in interest answered yes to said interrogatory. Interrogatory number 4 is 'If the answer to interrogatory 3 is that you do so contend, state the legal description of any portion of the area or areas within said exterior boundaries which you contend constitutes a separate common source of supply to those pumping from each such areas so described.' Each of said real parties in interest objected to said interrogatory and raised the defense that it called for the work product of each

real party in interest's attorney. However, said Superior Court in its Order on June 14, 1968 ordered each of said real parties in interest to answer said interrogatory number 4, and each of said real parties in interest have answered said interrogatory setting forth the information requested.

"5. Interrogatory number 5 of said interrogatories is as follows: 'State the hydrological and geological asserted facts upon which you rely with respect to your answers to interrogatories 3 and 4 above.' Each of said real parties in interest objected to said interrogatory and raised the defense that it called for the work product of the real party in interest's attorney."

Responding to a timely Motion to Compel Answers to the Interrogatories served and filed by petitioner, the trial court on June 14, 1968, ordered the real parties in interest to answer interrogatories Nos. 3 and 4 and made the following order:

"Motion to Compel Answers is granted. Referring to the case entitled *Sheets* v. *Superior Court*, 257 A.C.A. p. 1-14 [257 Cal.App.2d p. 1-13 (67 Cal.Rptr. 753)], the court rules as follows: . . . question 5 need not be answered under the doctrine of work product. . . ."

The petitioner urges that it is also entitled to an answer to interrogatory No. 5, and says: "Petitioner cannot properly prepare its defense to the contentions of said real parties in interest in said Superior Court action unless it receives answers from said real parties in interest to said interrogatory."

The respondent superior court, through the Kern County counsel's office, and the several real parties in interest filed a joint answer to the petition in which they said that interrogatory No. 5 calls for divulging work product, that the "real parties in interest spent a total of $18,870.80 on geological and hydrological reports . . . ," and that the petition for a writ of mandate does not "state facts sufficient to constitute a cause for issuance of a writ of mandate." The declaration of George Ponty, which accompanies this answer, states under penalty of perjury that Golden Oaks, Ltd. expended money "covering the availability of the underground water on the property of Golden Oaks, Ltd. and the legal rights thereto," thus differing from the allegation contained in the main body of the answer to the effect that expenditures for the purpose were made by all the real parties in interest. Mr. Ponty's affidavit also says that the monies in question were spent

"between May and November in the year 1965." In view of the fact that the complaint in the Tehachapi-Cummings County Water District case, Kern County No. 97210, was not filed until October 3, 1966, it seems at least questionable whether the money spent by one of the real parties in interest was committed and disbursed prior to the inception of the case, and for that reason could not very well be claimed to constitute work done for the attorneys for Golden Oaks, Ltd. as legal representatives of that party defendant in the pending case number 97210.

Another real party in interest, Golden Hills Community Services District, has filed a unverified statement by William A. Anderson, one of the attorneys for the Golden Hills Community Services District, in which he says, among other things:

"That the only geological studies made by the Golden Hills Community Services District with regard to the present law suit have been made by him.

"That he has made field studies of the area with the petitioner's geologic expert, John Mann, and has discussed the geologic conditions of the area extensively with the petitioner's expert geologist.

"That it is the attorney's belief that the studies fall within the work product rule which has been decided by the Kern County Superior Court.

"That the petitioner's interrogatories request only the information for the District which have been developed in his studies of the area."

No written report is referred to and the contents of Mr. Anderson's verbal exchange with "petitioner's geologic expert" are not described.

It needs no extensive consideration to conclude that an application for the issuance of a writ of mandate to compel an answer to interrogatory No. 5 is a proper means of securing a decision on the question involved. The ruling of the trial court in a discovery proceeding is not directly appealable and the employment of this means of securing an authentic controlling decision on the point is proper. (*Greyhound Corp.* v. *Superior Court,* 56 Cal.2d 355 [15 Cal.Rptr. 90, 364 P.2d 266]; *Carlson* v. *Superior Court,* 56 Cal.2d 431 [15 Cal.Rptr. 132, 364 P.2d 308]; *Chapin* v. *Superior Court,* 239 Cal.App.2d 851 [49 Cal.Rptr. 199]; *Morris Stulsaft Foundation* v. *Superior Court,* 245 Cal.App.2d 409 [54 Cal.Rptr. 12]; *Singer* v.

*Superior Court,* 54 Cal.2d 318 [5 Cal.Rptr. 697, 353 P.2d 305].)

As is said in *Sheets* v. *Superior Court,* 257 Cal.App.2d 1 [67 Cal.Rptr. 753] : ''There is no doubt that the defendant is entitled to discover by appropriate interrogatories the facts, if any, presently known to the plaintiff upon which he bases the allegations of his complaint and upon which he presently relies to prove his case.'' (See also *Singer* v. *Superior Court, supra,* 54 Cal.2d 318.)

It is by no means certain that any of the matters sought to be kept secret by the real parties in interest are in fact privileged. However, it is not necessary for us to delve into that question inasmuch as the plaintiff has made it clear that what it seeks by way of answer to interrogatory No. 5 is the factual contention made by each of the real parties in interest relative to the defenses asserted by answer and in the replies to interrogatories 3 and 4; the asserted facts upon which each of the real parties relies with respect to the answers to interrogatories 3 and 4 are what the plaintiff asks for and what it is entitled to secure. There is no request for the contents of any report made during or before the filing of the suit, and no attempt to find out what any engineer or other expert of any party stated to the attorneys for such party. What is demanded and what must be furnished is the factual position taken by the respective real parties in interest from a hydrological and a geological basis. The details of the sources of these viewpoints contained in the reports of the experts are not asked for in this proceeding, but only the asserted facts constituting the general positions upon which the parties base their claimed defenses. These requests are in line with the fundamental law relative to discovery, and it is wrong for the real parties in interest to contend that there is no ground to compel an answer.

The demurrer to the petition set forth in the answer as a first affirmative defense is overruled; the order of the trial court relative to interrogatory No. 5 is held by us to be improper; the writ of mandate is granted and the trial court is directed forthwith to set aside said order and to make a new order requiring each of the real parties in interest to give an answer within ten days to interrogatory No. 5 in accordance with this opinion.

Gargano, J., concurred.