[No. D001834. Fourth Dist., Div. One. Dec. 13, 1984.]

PACERS, INCORPORATED, et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
PHILIP NEEDHAM et al., Real Parties in Interest.

**COUNSEL**

Larry J. Rothstein and Giometti, Scott & Greer for Petitioners.

No appearance for Respondent.

Wallace R. Nugent for Real Parties in Interest.

**OPINION**

**STANIFORTH, Acting P. J.—**

I

On January 22, 1981, real parties in interest Philip Needham, Frank Hobdy, George Kelly and John Angelo went to the Pacers bar as undercover agents of the federal Drug Enforcement Administration (DEA). A fight erupted between real parties and petitioners Richard Zamora, John William Adam and Greg Cole, Pacers employees. San Diego police arrived and arrested real parties.

On June 19, 1981, real parties sued petitioners Pacers, Zamora, Adam and Cole[1] for assault and battery. The United States attorney for the Southern District of California also sought indictments against the individual petitioners for criminal assault and battery. (18 U.S.C. § 111.) Although the federal grand jury refused to issue indictments, the United States attorney is maintaining an "open file" on the case.

---

[1] Real parties also sued the City of San Diego and the police officers involved in the arrest; however, they are not parties to this petition.

At petitioners' depositions in the civil action, they asserted their Fifth Amendment privilege against self-incrimination due to the threatened criminal proceeding. They refused to answer any questions unless they were given use and derivative use immunity. Real parties asked the superior court for an order granting petitioners immunity but because the United States attorney, the Attorney General and the district attorney each objected, the court denied the request.[2]

On January 25, 1984, real parties asked the superior court for an order prohibiting petitioners from testifying at trial because they failed to answer deposition questions. Petitioners opposed real parties' motion, asking the court instead to postpone their depositions until after the statute of limitations runs on the criminal prosecution (Jan. 22, 1986). The court granted real parties' request, prohibiting petitioners from testifying at trial "as to all matters forming the subject matter" of the lawsuit. Petitioners seek a writ of mandate compelling the San Diego County Superior Court to set aside its order prohibiting them from testifying at trial and compelling the court to stay their depositions until January 23, 1986. After granting the alternative writ and hearing argument, we conclude the superior court abused its discretion in failing to fashion a remedy accommodating the interests of both petitioners and real parties, and accordingly grant the writ.

## II

Code of Civil Procedure section 2016, subdivision (b), provides for discovery of information "not privileged, which is relevant to the subject matter involved in the pending action." Evidence Code section 940 specifically excludes from discovery self-incrimination information. (U.S. Const., Fifth Amend.; Cal. Const., art. I, § 15; *Maness* v. *Meyers* (1975) 419 U.S. 449, 464 [42 L.Ed.2d 574, 586-587, 95 S.Ct. 584]; *Black* v. *State Bar* (1972) 7 Cal.3d 676, 685 [103 Cal.Rptr. 288, 499 P.2d 968].) Courts have construed this principle to permit the privilege against self-incrimination to be asserted "in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory . . . ." (*Kastigar* v. *United States* (1972) 406 U.S. 441, 444 [32 L.Ed.2d 212, 217, 92 S.Ct. 1653], rehg. den. 408 U.S. 931 [33 L.Ed.2d 345, 92 S.Ct. 2478]; *Campbell* v. *Gerrans* (9th Cir. 1979) 592 F.2d 1054, 1057.) ■ Petitioners here are civil defendants facing possible criminal prosecution involving the same facts as the civil action. They received no immunity against the use of their deposition answers or evi-

---

[2]The court's denial was based on *Daly* v. *Superior Court* (1977) 19 Cal.3d 132 [137 Cal.Rptr. 14, 560 P.2d 1193]. The Supreme Court in *Daly* held if prosecutors "most likely to be interested" object to a grant of immunity because they have reasonable grounds to believe the proposed immunity might unduly hamper the prosecution of a criminal proceeding, the trial court may not grant such an order. (*Id.*, at pp. 147-149.)

dence derived from those answers in any criminal proceeding against them. (See *People* v. *Superior Court (Kaufman)* (1974) 12 Cal.3d 421, 428 [115 Cal.Rptr. 812, 525 P.2d 716].) Accordingly, they had no obligation to disclose to real parties information they reasonably believed might be used against them in a criminal proceeding (*Maness* v. *Meyers, supra,* 419 U.S. 449, 464 [42 L.Ed.2d 574, 586-587]; *Hoffman* v. *United States* (1951) 341 U.S. 479, 486 [95 L.Ed. 1118, 1124, 71 S.Ct. 814]) and real parties do not contend otherwise. Given petitioners' right to invoke their constitutional privilege against self-incrimination, the issue before us is whether the court's order precluding petitioners from testifying at trial was proper.

## III

A party asserting the Fifth Amendment privilege should suffer no penalty for his silence. "In this context 'penalty' is not restricted to fine or imprisonment. It means, as we said in *Griffin* v. *California,* 380 U.S. 609, 85 S.Ct. 1229 . . . the imposition of any sanction which makes assertion of the Fifth Amendment privilege 'costly.'" (*Spevack* v. *Klein* (1967) 385 U.S. 511, 515 [17 L.Ed.2d 574, 577, 87 S.Ct. 625].) In framing its order, the superior court forced petitioners to choose between their silence and a "meaningful chance of avoiding the loss through judicial process of a substantial amount of property." (*People* v. *Coleman* (1975) 13 Cal.3d 867, 885 [120 Cal.Rptr. 384, 533 P.2d 1024].) Petitioners were, in effect, penalized for exercising a fundamental constitutional right. Their inability to testify on their own behalf because they asserted their Fifth Amendment privilege made asserting that privilege "costly." (*Griffin* v. *California* (1965) 380 U.S. 609, 614 [14 L.Ed.2d 106, 110, 85 S.Ct. 1229]; rehg. den. 381 U.S. 957 [14 L.Ed.2d 730, 85 S.Ct. 1797]; see also *Malloy* v. *Hogan* (1964) 378 U.S. 1, 8 [12 L.Ed.2d 653, 659, 84 S.Ct. 1489].) Because real parties had no right to information protected by the privilege against self-incrimination, petitioners did not violate the discovery rules and imposition of an order protecting only real parties was an abuse of discretion.

## IV

We are not confronted here with a party who wilfully deprives his adversary of information or whose use of obstructive tactics in discovery subjects the adversary to unfair surprise at trial. (See, e.g., *Thoren* v. *Johnston & Washer* (1972) 29 Cal.App.3d 270, 274 [105 Cal.Rptr. 276]; *Williams* v. *Travelers Ins. Co.* (1975) 49 Cal.App.3d 805, 810 [123 Cal.Rptr. 83].) Although the court may make any order "which justice requires to protect the party or witness from annoyance, embarrassment, or oppression" (Code Civ. Proc., § 2019, subd. (b)(1)), the court may not impose sanctions de-

signed to punish even a party violating a discovery order. (*Petersen* v. *City of Vallejo* (1968) 259 Cal.App.2d 757, 782 [66 Cal.Rptr. 776].) Where, as here, a defendant's silence is constitutionally guaranteed, the court should weigh the parties' competing interests with a view toward accommodating the interests of both parties, if possible. An order staying discovery until expiration of the criminal statute of limitations would allow real parties to prepare their lawsuit while alleviating petitioners' difficult choice between defending either the civil or criminal case. (See *United States* v. *Kordel* (1970) 397 U.S. 1, 9 [25 L.Ed.2d 1, 8-9, 90 S.Ct. 763].)

This remedy is in accord with federal practice where it has been consistently held that when both civil and criminal proceedings arise out of the same or related transactions, an objecting party is generally entitled to a stay of discovery in the civil action until disposition of the criminal matter. (See, e.g., *Campbell* v. *Eastland* (5th Cir. 1962) 307 F.2d 478, cert. den. 371 U.S. 955 [9 L.Ed.2d 502, 83 S.Ct. 502]; *Perry* v. *McGuire* (S.D.N.Y. 1964) 36 F.R.D. 272; *Paul Harrigan & Sons, Inc.* v. *Enterprise Animal Oil Co., Inc.* (E.D.Pa. 1953) 14 F.R.D. 333; *National Discount Corp.* v. *Holzbaugh* (E.D.Mich. 1952) 13 F.R.D. 236.) The rationale of the federal cases is based on Fifth Amendment principles as well as the inherent unfairness of compelling disclosure of a criminal defendant's evidence and defenses before trial. Under these circumstances, the prosecution should not be able to obtain, through the medium of the civil proceedings, information to which it was not entitled under the criminal discovery rules. (See *People* v. *Collie* (1981) 30 Cal.3d 43 [177 Cal.Rptr. 458, 634 P.2d 534, 23 A.L.R. 4th 776].) Here, although petitioners are not criminal defendants, they are nevertheless threatened with criminal prosecution. To allow the prosecutors to monitor the civil proceedings hoping to obtain incriminating testimony from petitioners through civil discovery would not only undermine the Fifth Amendment privilege but would also violate concepts of fundamental fairness.

We recognize postponing petitioners' depositions until January 1986 will cause inconvenience and delay to real parties; however, protecting a party's constitutional rights is paramount. Counsel have agreed to waive the five-year time limit of Code of Civil Procedure section 583, subdivision (b), to allow real parties any necessary time to conduct further discovery.[3]

V

Let a peremptory writ of mandate issue as prayed, directing respondent superior court to set aside its order prohibiting petitioners from testifying

---

[3]Under Code of Civil Procedure section 583, subdivision (b), the parties must file a stipulation in writing that the time may be extended.

at trial and further directing the court to stay petitioners' depositions until after January 22, 1986.

Work, J., and Butler, J., concurred.