Filed 7/22/24  Wirija v. Superior Court CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| JOSEPH WIRIJA et al.,<br><br>                    Petitioners,<br><br>        v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>                    Respondent.<br><br>_____<br><br>CITY OF PASADENA et al.,<br><br>        Real Parties in Interest. | B332647<br><br>(Los Angeles County<br>Super. Ct. No. 22STCV28168) |

PETITION FOR WRIT OF MANDATE from an order of the Superior Court of Los Angeles County, Lynne M. Hobbs, Judge. Petition granted.

Hanger, Steinberg, Shapiro & Ash, Jody Steinberg, Nicholas S. Walls, and Roxanne F. Swedelson for Petitioners.

No appearance for Respondent.

Michele Beal Bagneris, City Attorney, Danielle St. Claire and Sophia M. Retchless, Deputy City Attorneys, for Real Party in Interest City of Pasadena.

Ford, Walker, Haggerty & Behar, William O. Woodland and Mark P. LaScola for Real Party in Interest Austin Nok Lum Wong.

_____

**INTRODUCTION**

In November 2021, a car struck and killed Yangyang Liu while she was crossing South Allen Avenue in Pasadena. In August 2022, Liu's husband, Joseph Wirija, and her parents, Ansheng Liu and Lele Chen (collectively, Petitioners), brought a wrongful death and survival action against the driver, Austin Nok Lum Wong, and the City of Pasadena (the City).

Wong was criminally charged for Liu's death in January 2023 and pleaded no contest to vehicular manslaughter in June 2023. The same week as Wong's plea, Petitioners moved to depose Wong in their civil case. Wong objected on Fifth Amendment grounds and sought an order from the superior court staying discovery, arguing that he retained his privilege against self-incrimination until his sentencing. After a hearing, the superior court stayed all proceedings against all parties, including the City, until Wong's sentencing on July 12, 2024. The superior court subsequently extended this stay to October 8, 2024.

Petitioners filed a petition for writ of mandate in this court seeking an order lifting the stay. We now grant the petition and direct the superior court to lift the stay forthwith.

## FACTUAL AND PROCEDURAL BACKGROUND

A.      *The Complaint*

Petitioners sued Wong and the City on August 30, 2022.[1] The operative first amended complaint alleged Wong negligently caused Liu's death by "driving in great excess of the speed limit" and acting with "extreme recklessness." Petitioners further alleged the City created a dangerous condition on public property through faulty design and maintenance of the intersection where Liu died. The complaint included a survival action count against Wong and the City for injuries suffered by Liu prior to her death.

B.      *Criminal Proceedings Against Wong*

In connection with Liu's death, Wong was charged with vehicular manslaughter with gross negligence (Pen. Code, § 192, subd. (c)(1)) on January 24, 2023. Wong pleaded no contest to this charge on June 22, 2023. Wong's plea agreement stipulated he would surrender to custody on July 13, 2023 and, after serving 364 days in county jail, he would be sentenced on July 12, 2024 to "2 years felony formal probation, execution of sentence suspended for the mid-term of 04 years." The minute order reflects that, as part of his plea, Liu expressly waived his rights against self-

---

[1]      The initial complaint also named the City of San Marino as a defendant, but Petitioners voluntarily dismissed this defendant without prejudice in May 2023.

3

incrimination: "Defendant advised of and personally and explicitly waives the following rights: [¶] trial by court and trial by jury; [¶] confrontation and cross-examination of witnesses; [¶] subpoena of witnesses into court to testify in your defense; [¶] against self-incrimination."[2]

C.    *Wong's Motion To Stay Discovery*

The same day Wong entered his plea, Petitioners notified Wong they intended to depose him on July 6, 2023. Wong objected to the deposition and, on July 3, 2023, he filed a motion to stay discovery against him on Fifth Amendment grounds. Wong attached a letter from his criminal defense attorney, stating:

> "1.    Mr. Wong's criminal case is different than most criminal cases where the defendant is either convicted by a jury or pleads guilty AND is sentenced at the same time or shortly thereafter.

> "2.    In the Wong case an informal agreement was reached with the prosecutor with the consent of the judge. The deal is: Mr. Wong pled no contest to a violation of Penal Code Section 192c(1)—Vehicular Manslaughter with gross negligence. As part of the settlement Mr. Wong will surrender to the court on

---

[2]    The record before us does not include the transcript of Wong's plea colloquy.

4

July 13th to serve 364 days in the Los Angeles County Jail. He was not sentenced. In fact, his sentence was continued to July 12, 2024. . . . There are many issues involved concerning what Mr. Wong must do or cannot do which could cause the DA and the court to withdraw the informal settlement agreement."

Petitioners opposed Wong's motion. They argued Wong had "explicitly waived his right against self-incrimination" when he pleaded nolo contendere. The record before us does not reflect that the City filed a joinder or any response to Wong's motion asking the superior court to stay discovery as to it.

On August 17, 2023, the superior court issued a tentative ruling (which it later adopted as its final ruling with the expansion noted below) granting a stay of discovery as to Wong. The court stated:

"In determining that a stay is appropriate, the Court weighs the factors set forth in Avant! [Corp. v. Superior Court (2000) 79 Cal.App.4th 876] and Keating [v. Office of Thrift Supervision (9th Cir. 1995) 45 F.3d 322]. The evidence shows that this matter involves the same collision as the criminal matter. Defendant has not yet been sentenced in accordance with his plea of no contest to the charge against him for felony vehicular manslaughter. The criminal matter is still pending, however Defendant has provided a date as to when the criminal matter will be resolved: July 12, 2024, Defendant's

5

sentencing date. With a concrete end in sight to Defendant's criminal proceedings, the Court finds it appropriate to institute a stay of discovery in the interim, as to information which would tend to implicate Defendant's liability for the underlying motor vehicle vs. pedestrian collision. All other basic discovery shall be allowed."

After a hearing on the motion on August 21, at which the parties all appeared, the court adopted its tentative ruling "with the following modification[]": "The Court hereby stays the case in its entirety." That is, the superior court stayed all proceedings, including discovery as to both Wong and the City. The court vacated and advanced all existing hearings and conferences to July 15, 2024, including several pending motions.

On October 19, 2023, Petitioners filed a petition for writ of mandate challenging the superior court's order staying all discovery in the case. After requesting and reviewing preliminary oppositions from Wong and the City, this court issued an order to show cause.

On July 12, 2024, Wong was sentenced and ordered released from detention per the terms of his plea agreement. On July 15, 2024, petitioners asked the superior court to lift the stay because "the defendant in the criminal matter has been sentenced and released," but "[c]ounsel for defendant represent[ed] to the Court, the stay is not to be lifted due to the Court of Appeal's jurisdiction over the matter." Although Wong had already been sentenced, the superior court on its own motion

6

declined to lift the stay and continued the matter to October 8, 2024.[3]

## DISCUSSION

Petitioners argue the superior court erred by staying the case as to Wong and the City. Because Wong has now been sentenced and the justification for the superior court's order staying proceedings has now dissipated, we grant the petition and direct the superior court to lift the stay forthwith.

A.     *Applicable Law and Standard of Review*

A party to a civil case who is also exposed to criminal liability may "invoke[] his privilege against self-incrimination during discovery in civil litigation." (*Fuller v. Superior Court* (2001) 87 Cal.App.4th 299, 304-305 (*Fuller*); see U.S. Const. Amend. 5 ["No person . . . shall be compelled in any criminal case to be a witness against himself"]; Cal. Evid. Code, § 940 ["To the extent that such privilege exists under the Constitution of the United States or the State of California, a person has a privilege to refuse to disclose any matter that may tend to incriminate him."].) Such a party may request a stay of the civil proceedings pending disposition of his criminal case or expiration of the applicable statute of limitations. (See *Bains v. Moores* (2009) 172 Cal.App.4th 445, 482 (*Bains*); *Fuller*, at pp. 302-304.)

---

[3]     On our own motion, we take judicial notice of the July 12, 2024 order in *People v. Wong*, case number GA111570-01, and of the superior court's July 15, 2024 order in the underlying civil case. (See Evid. Code, §§ 452, subds. (c)-(d), 459.)

7

"[W]hen both civil and criminal proceedings arise out of the same or related transactions, an objecting party is generally entitled to a stay of discovery in the civil action until disposition of the criminal matter." (*Pacers, Inc. v. Superior Court* (1984) 162 Cal.App.3d 686, 690 (*Pacers*).)

Although the right against self-incrimination is constitutional, "'[t]he Constitution does not require a stay of civil proceedings pending the outcome of criminal proceedings.'" (*Avant! Corp. v. Superior Court* (2000) 79 Cal.App.4th 876, 886 (*Avant*); accord, *People v. Coleman* (1975) 13 Cal.3d 867, 885 (*Coleman*).) Rather, the superior court ""may decide in its discretion to stay civil proceedings"" (*Avant*, at p. 885), "in light of the particular circumstances and competing interests involved." (*People ex rel. Harris v. Rizzo* (2013) 214 Cal.App.4th 921, 952 (*Harris*); accord, *Avant*, at pp. 881-882; *Coleman*, at p. 885.) According to *Avant*, the court "should consider the extent to which Fifth Amendment rights are implicated. In addition, factors to be considered include: (1) the interest of the party opposing the stay in proceeding expeditiously with the action, and the potential prejudice to the party opposing the stay of a delay; (2) the burden which any particular aspect of the proceedings may impose on the party seeking the stay; (3) the convenience to the court in management of its cases and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending cases." (*Harris*, at p. 952; accord, *Alpha Media Resort Investment Cases* (2019) 39 Cal.App.5th 1121, 1132 (*Alpha Media*); *Avant*, at p. 885.)

We review for abuse of discretion the superior court's decision to stay civil proceedings pending disposition of a related

8

criminal case.  (See *Alpha Media, supra,* 39 Cal.App.5th at p. 1131; *Avant, supra,* 79 Cal.App.4th at pp. 881-882.)  "Under this standard, a trial court's ruling 'will be sustained on review unless it falls outside the bounds of reason.'  [Citation.]  We could therefore disagree with the trial court's conclusion, but if the trial court's conclusion was a reasonable exercise of its discretion, we are not free to substitute our discretion for that of the trial court." (*Avant,* at pp. 881-882.)

B.  *The Superior Court Did Not Abuse Its Discretion by Staying Proceedings Until Wong's Sentencing*
    1.  *Wong's Fifth Amendment Privilege Continued Through Sentencing*

Petitioners concede Wong's criminal case and their civil suit against him "arise out of the same or related transactions": the collision that killed Yangyang Liu.  (See *Pacers, supra,* 162 Cal.App.3d at p. 690.)  But they argue the superior court abused its discretion by entering a stay against Wong because the court improperly assessed "the extent to which [Wong's] Fifth Amendment rights [were] implicated in the civil proceedings." (See *Avant, supra,* 79 Cal.App.4th at pp. 885-886.)  Petitioners assert that "Wong waived his Fifth Amendment privileges against self-incrimination when he entered a plea of nolo contendere" and "merely postponed sentencing in order to keep the jurisdiction of his custody within the criminal court." Petitioners' argument is unpersuasive.

As a threshold matter, the Petition did not include a transcript of the hearing because there was no court reporter present.  Nor did Petitioners include a statement "summarizing the proceedings, including the parties' arguments and any

9

statement by the court supporting its ruling."[4] (Cal. Rules of Court, rule 8.486(b)(3)(A).) "If the petition does not include the required record or explanations . . . the court may summarily deny" the petition. (Rule 8.486(b)(4); accord, *Humane Society of U.S. v. Superior Court* (2013) 214 Cal.App.4th 1233, 1253.) In any event, "'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564-566 [inferring facts to support challenged ruling and declining writ relief where hearing was not transcribed]; see *Fuss v. Superior Court* (1991) 228 Cal.App.3d 556, 559.)

The superior court did not abuse its discretion by staying discovery against Wong. First, although Wong had pleaded no

---

[4] Petitioners included a one paragraph statement in their attorney's declaration attesting that, "During argument by counsel, the Court expressed its surprise that Defendant Wong had knowingly, understandingly, and explicitly waived his Fifth Amendment privilege against self-incrimination as to the circumstances bringing about the civil action and parallel criminal action. Nonetheless, the Court granted Defendant Wong's Motion to Stay Discovery and/or for Protective Order and stayed all proceedings. Following the Court's ruling, counsel for Real Party in Interest and Defendant CITY OF PASADENA expressed that had the Court limited the stay to discovery directed at Defendant Wong, they would have requested the stay be extended to their client, however, the stay of all proceedings satisfied that request."

contest to the criminal charge when the court imposed the stay of discovery, the Petitioners have not demonstrated the superior court abused its discretion by implicitly finding that the civil proceeding implicated Wong's Fifth Amendment rights.  Even after entering his plea, under clearly established law, Wong retained his Fifth Amendment privilege with respect to his forthcoming sentencing.  (See *Mitchell v. United States* (1999) 526 U.S. 314, 322-327 (*Mitchell*) [Fifth Amendment privilege extends to sentencing even after a defendant has entered a guilty plea]; *People v. Fonseca* (1995) 36 Cal.App.4th 631, 635 ["[I]t is clear in California that one retains the [Fifth Amendment] privilege at least until he has been sentenced."].)

As Wong contends, the criminal court or the prosecution could potentially withdraw the plea agreement on the basis of any of Wong's discovery responses in the civil case, and they could also use such responses against him at his forthcoming sentencing.  As observed in *Mitchell*, "[w]here the sentence has not yet been imposed a defendant may have a legitimate fear of adverse consequences from further testimony. . . .  [T]he acceptance of a guilty plea does not eliminate the possibility of further incrimination." (*Mitchell*, *supra*, 526 U.S. at p. 326.) Further, allowing "prosecutors to monitor the civil proceedings hoping to obtain incriminating testimony . . .  through civil discovery would not only undermine the Fifth Amendment privilege but would also violate concepts of fundamental fairness."  (*Pacers*, *supra*, 162 Cal.App.3d at p. 690.)

That Wong waived his right against self-incrimination at his plea hearing does not change our analysis.  As the United States Supreme Court has explained, when a court takes a waiver of the defendant's rights at a plea colloquy, the purpose of

11

the waiver "is to inform the defendant of what she loses by forgoing the trial, not to elicit a waiver of the privilege for proceedings still to follow. A waiver of a right to trial with its attendant privileges is not a waiver of the privileges which exist beyond the confines of the trial." (*Mitchell*, *supra*, 526 U.S. at p. 324.)

### 2. *Other* Avant *Factors*

Petitioners further argue the superior court abused its discretion by granting Wong a stay of discovery because it "failed to give any weight to the Petitioners' interest or the prejudice imposed by the delay." Petitioners argue they bear a "significant burden . . . if forced to litigate following the potential disappearance of key witnesses and evidence" and assert "the convenience of the court and the efficient use of judicial resources" are better served "by moving forward with litigation."

As stated, because the record before us does not include a reporter's transcript of the hearing or a statement summarizing the court's statements supporting the ruling, Petitioners have not demonstrated the superior court erred in granting Wong a stay of discovery or that it failed to give due consideration to the *Avant* factors. The superior court did not abuse its discretion in considering the other interests relevant to the stay of discovery. After briefing and argument from the parties, the court's ruling stated that it "weigh[ed] the factors set forth in Avant" and decided to stay the case until the "concrete end in sight to [Wong's] criminal proceedings" on July 12, 2024. Based on the record before us, we cannot say the superior court abused its discretion in weighing the *Avant* factors, even if its minute order did not make express findings as to each of them. (See *Alpha*

*Media*, *supra*, 39 Cal.App.5th at pp. 1132, 1134, fn. 10 [affirming order on stay of discovery where the court "acknowledged and carefully weighed the specific interests asserted by each side," although it did not "explicitly address all five [*Avant*] factors"]; *Harris*, *supra*, 214 Cal.App.4th at p. 952 [same, where "the trial court balanced the relevant factors"]; cf. *Denham*, *supra,* 2 Cal.3d at pp. 564-566 [inferring facts in support of challenged order and denying writ].)

Although an 11-month stay is a significant pause in proceedings, a stay of this length is warranted to "protect[] a party's constitutional rights" despite potential "inconvenience and delay" to opposing parties. (*Pacers*, *supra*, 162 Cal.App.3d at p. 690 [directing superior court to impose 13-month stay of discovery until expiration of statute of limitations].) Further, Petitioners' assertions regarding the "potential disappearance of key witnesses and evidence" are speculative and unsupported by the record before us. Petitioners did not identify any specific evidentiary prejudice they suffered as a result of the stay. And even if judicial economy and the convenience of the court weighed against a stay, we cannot say the court's order granting a stay of discovery against Wong before he was sentenced was an abuse of discretion. (See *Avant*, *supra*, 79 Cal.App.4th at pp. 881-882 ["[I]f the trial court's conclusion was a reasonable exercise of its discretion, we are not free to substitute our discretion for that of the trial court."].)

C.      *Because Wong Has Now Been Sentenced, There Is No Longer a Need for a Stay of Proceedings*

The superior court's justification for the stay of proceedings dissipated after Wong was sentenced on July 12, 2024. Wong is

13

no longer entitled to a stay of proceedings based on his right against self-incrimination in light of his sentencing. (See *Harris, supra,* 214 Cal.App.4th at p. 952; *Avant*, *supra*, 79 Cal.App.4th at p. 885.) Accordingly, there is also no reason justifying a stay of proceedings as to the City.

## DISPOSITION

Let a peremptory writ of mandate issue directing the superior court to vacate its August 21, 2023 order staying the case in its entirety. We further direct the superior court to vacate its order of July 15, 2024 to the extent it allows the stay to remain in place after Wong's sentencing and direct it to issue a new order lifting the stay of proceedings forthwith. This decision is final as to this court seven calendar days after the date this opinion is filed. (Cal. Rules of Court, rule 8.490(b)(2)(A).) The parties are to bear their own costs.


MARTINEZ, P. J.

We concur:



FEUER, J.



STONE, J.


14