Filed 12/4/15  Certified for Publication 12/22/15 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| KARLA DANETTE MITCHELL,<br><br>Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>Respondent;<br><br>ERNESTINE LISA JOHNSON,<br><br>Real Party in Interest. | No. B264143<br><br>(Los Angeles County Super. Ct. No. BC505842) |

ORIGINAL PROCEEDINGS in mandate.  Elizabeth A. Lippitt, Judge. Petition granted.

Law Offices of Herb Fox, Herb Fox; Law Office of A. Liberatore, and Anthony Liberatore, for Petitioner.

No appearance for Respondent.

Bretoi & Associates and Jeffrey S. Bretoi for Real Party in Interest.

_____

This petition seeks to vacate the trial court's order of April 20, 2015, granting the motion in limine of defendant and real party in interest, Ernestine Lisa Johnson. The trial court's order excluded the testimony of three of plaintiff's proposed witnesses and was imposed as an evidence sanction for plaintiff's alleged failure to respond completely to an interrogatory.

The court stayed the action, issued notice to the parties of its intention to grant the peremptory writ in the first instance and gave real party in interest the opportunity to file plenary opposition to the petition. No opposition was filed.

We have determined that respondent committed an abuse of discretion and that issuance of an alternative writ and oral argument would not measurably contribute to our consideration of the issue and would cause undue delay. (*Alexander v. Superior Court* (1993) 5 Cal.4th 1218, 1222-1223; *Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180.)

## FACTS

The material facts are undisputed. Petitioner Karla Danette Mitchell is the plaintiff in an action filed against Johnson and Doe defendants, in which plaintiff has sued for personal injury and property damage allegedly suffered in an automobile accident in 2012. Plaintiff asserts she has incurred wage loss, loss of use of property, hospital and medical expenses, general damage, property damage, loss of earning capacity, and miscellaneous related damages.

Defendant propounded form interrogatories published by the Judicial Council. Interrogatory No. 12.1 relates to general investigation of an incident and provides: "State the name, ADDRESS, and telephone number of each individual: [¶] (a) who witnessed the INCIDENT or the events occurring immediately before or after the INCIDENT; [¶] (b) who made any statement at the scene of the INCIDENT; [¶] (c) who heard any statements made about the INCIDENT by any

2

individual at the scene; and [¶] (d) who YOU OR ANYONE ACTING ON YOUR BEHALF claim has knowledge of the INCIDENT (except for expert witnesses covered by Code of Civil Procedure section 2034)."

In response to interrogatory No. 12.1 and to defendant's request for supplemental answers to interrogatories, plaintiff did not identify any witness to the "incident" except one of her children, Destin Shares, who was a passenger in the vehicle.

Subsequently, plaintiff identified several witnesses whom she intended to call at trial, including Steve Meier, Dante Shamburger and Khiana Ferguson.[1] Each of these witnesses would testify to plaintiff's physical limitations allegedly resulting from the accident. In particular, these witnesses intended to describe how plaintiff's accident-related physical disabilities interfere with her care of her special-needs son, impact the performance of her job as a grocery store worker, and her related lost wage claim and dictate problems in her activities of daily living. None of the three witnessed the accident.

Defendant filed a motion in limine to exclude the testimony of any witnesses not previously disclosed in discovery, arguing that the testimony of such witnesses should be excluded as an evidence sanction for plaintiff's failure to divulge their identity in response to interrogatories, in particular, interrogatory No. 12.1

The trial court agreed with defendant and granted defendant's motion in limine, excluding the testimony of the three witnesses at trial.

---

[1] We note that defendant's motion in limine failed to identify with particularity the witnesses or testimony defendant sought to exclude from trial; defendant merely objected to "any additional witnesses not previously disclosed [in discovery] . . . ." In reply papers filed in the trial court, defendant identified six witnesses whose testimony should be excluded because plaintiff did not identify them in response to discovery. Before the trial court and in the petition for writ of mandate, plaintiff has addressed only proposed witnesses Meier, Shamburger, and Ferguson; this opinion likewise is limited to those three witnesses.

## DISCUSSION

We conclude that respondent abused its discretion in excluding the testimony of the three witnesses.

We read interrogatory No. 12.1 to seek the identities of percipient witnesses, witnesses who were at the scene immediately before or after the accident, those privy to statements by percipient witnesses to an accident and those who might have personal knowledge of the accident itself. The interrogatory does not seek the identity of witnesses—such as those whose testimony was excluded by the trial court—who may testify to the physical injuries or physical disabilities suffered by a plaintiff as a result of the accident. Our view that interrogatory No. 12.1 should be narrowly construed to refer to witnesses of the incident itself is bolstered by other form interrogatories, in particular, Nos. 12.4 and 16.1, which distinguish between an "incident" and a plaintiff's "injuries."

Moreover, exclusion of a party's witness for that party's failure to identify the witness in discovery is appropriate only if the omission was willful or a violation of a court order compelling a response. (See Code Civ. Proc., §§ 2023.030, 2030.290, subd. (c), 2030.300, subd. (e); see also *Saxena v. Goffney* (2008) 159 Cal.App.4th 316, 333-335; *Thoren v. Johnston & Washer* (1972) 29 Cal.App.3d 270, 273-275.) Even if interrogatory No. 12.1 could be construed as a request for the identity of witnesses who would testify to post-accident physical disabilities and difficulties, there was no evidence that plaintiff's failure to identify the witnesses was willful or that plaintiff contravened a court order to provide discovery.

Accordingly, it was error to impose an evidence sanction based on plaintiff's failure to divulge the names of the three witnesses in response to interrogatory No. 12.1 or to defendant's general request for supplemental responses to interrogatories.

4

**DISPOSITION**

Let a peremptory writ of mandate issue directing respondent to vacate its order of April 20, 2015, and to issue a new order denying defendant's motion in limine No. 2 to the extent it excludes the testimony of Meier, Shamburger, and Ferguson.

This court's temporary stay order is vacated.

Pursuant to California Rules of Court, rule 8.493, costs are awarded to plaintiff.

COLLINS, J.

We concur:

WILLHITE, Acting P. J.

MANELLA, J.

5

Filed 12/22/15

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| KARLA DANETTE MITCHELL, | B264143 |
| Petitioner, | (Los Angeles County Super. Ct. BC505842) |
| v. | |
| SUPERIOR COURT OF LOS ANGELES COUNTY, | ORDER CERTIFYING OPINION FOR PUBLICATION |
| Respondent; | |
| ERNESTINE LISA JOHNSON, | |
| Real Person in Interest. | |

THE COURT:

The opinion in the above-entitled matter filed on December 4, 2015, was not certified for publication in the Official Reports. Good cause appearing, it is ordered that the opinion in the above-entitled matter be published in the official reports.

_____

WILLHITE, ACTING P.J.          MANELLA, J.          COLLINS, J.